matter of a proceeding without regard to its form. A decree of the Surrogate's Court directing the payment of a sum of money is the equivalent of and identical with a judgment of the Supreme Court. Matter of Black's Estate, 178 Misc. 71, 75, 32 N. Y. S. 2d 934. * * * Such interest would run from the date of the decree directing payment. Dunford v. Weaver, 84 N. Y. 445, 453; Matter of Baker's Estate, 161 Misc. 562, 293 N. Y. S. 538."

Accordingly, I dissent and vote to modify the decree appealed from by allowing interest from May 21, 1953, on the amount awarded the Referee, but otherwise affirms.

Peck, P. J., Callahan, Bastow and Botein, JJ., concur in decision; Cohn, J., dissents in part and votes to modify by allowing interest from May 21, 1953, on the amount awarded the Referee, but otherwise affirms.

Decree appealed from affirmed, with costs to all parties appearing and filing briefs herein payable out of the estate. [See *post,* p. 845.]

PEDRO V. DE JESUS, Respondent, v. WATERMAN STEAMSHIP CORP., Appellant. — On the defendant's stipulation to appear in the courts of Puerto Rico in any action instituted by the plaintiff to recover on the cause of action alleged in the complaint herein and to waive the Statute of Limitations, the orders appealed from are unanimously reversed, the motion to dismiss the complaint granted and judgment is directed to be entered in favor of the defendant dismissing the complaint herein. Settle order on notice. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ. [See 285 App. Div. 1030.]

JULIO RODRIGUEZ, Respondent, v. A. H. BULL STEAMSHIP Co., Appellant.— On the defendant's stipulation to appear in the courts of Puerto Rico in any action instituted by the plaintiff to recover on the cause of action alleged in the complaint herein and to waive the Statute of Limitations, the orders appealed from are unanimously reversed, the motion to dismiss the complaint granted and judgment is directed to be entered in favor of the defendant dismissing the complaint herein. Settle order on notice. Concur — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ. [See 285 App. Div. 1030.]

AGNES T. CONDON, Respondent, v. BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant.— Judgment affirmed, with costs. No opinion. Concur — Callahan, Breitel, Bastow and Rabin, JJ.; Peck, P. J., dissents and votes to reverse and dismiss the complaint in the following memorandum: In my opinion plaintiff did not occupy the position of college " Registrar " as that position is generally understood or as it was contemplated by the Moffat Law. I do not think that law mandated the salary which plaintiff now belatedly seeks.

ALFRED DRIESBACH et al., Respondents, v. CITY OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. In addition to the other elements in this record supporting the judgment, the city was given an opportunity of showing, if it could, that employees compensated on an annual basis entitled to prevailing rate of pay had not received a cost of living adjustment during the period in question, but it failed to do so. Concur — Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ. [See *post,* p. 845.]