ANGEL PAIN VARGAS, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. A. H. BULL STEAMSHIP CO., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

FELIPE ALMESTICA, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. BALTIMORE INSULAR LINE, INC., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

JUAN ECMEVARRIA RODRIGUEZ, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. A. H. BULL STEAMSHIP CO., DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

Argued October 21, 1957—Decided November 12, 1957.

*Mr. Louis J. Greenberg* argued the cause for plaintiff-appellant and cross-respondent (*Mr. Samuel M. Cole,* attorney).

*Mr. Nicholas Conover English* argued the cause for defendants-respondents and cross-appellants (*Messrs. McCarter, English & Studer,* attorneys).

PER CURIAM. The basic questions involved in this appeal were dealt with comprehensively by Judge Gaulkin in the Law Division of the Superior Court. The dismissal is affirmed for the reasons stated by him and reported in 44 *N. J. Super.* 536 (*Law Div.* 1957).

In addition to arguing the merits of the issues involved, cross-appellants question the legal propriety of the counsel fees granted to plaintiffs in the orders of dismissal. The ground of objection is that authority to make such awards is limited by *R. R.* 4:55–7 and that this case is not within the scope of the rule. But the allowance finds its support from another source.

█ The doctrine of *forum non conveniens* is largely an equitable one and its application is a matter for the discretion of the trial court. *Gore v. United States Steel Corp.,* 15 *N. J.* 301, 312 (1954); *Price v. Atchison, T. & S. F. Ry Co.,* 42 *Cal.* 2d 577, 268 *P.* 2d 457, 43 *A. L. R.* 2d 756 (*Sup. Ct.* 1954), *certiorari* denied 348 *U. S.* 839, 75 *S. Ct.* 44, 99 *L. Ed.* 661 (1954); *Annotation,* 43 *A. L. R.* 2d 774, 776 (1955). Even where all of the relevant considerations of convenience in the juristic sense point to the conclusion that an action should not be entertained in the forum where it was instituted, collateral equities may exist in a plaintiff's favor which should not be ignored although they may not be of sufficient potency to stand in the way of the dismissal. In such situations the exercise of discretion may and properly should take these factors into account by the simple device of making the dismissal subject to appropriate terms and conditions and thus accomplishing equal justice between the parties. *Cf. Gore v. United States Steel Corp., supra,* 15 *N. J.* at *page* 313; *Rodriguez v. A. H. Bull Steamship Co.,* 286 *App. Div.* 804, 143 *N. Y. S.* 2d 618 (*App. Div.* 1955); "Place of Trial—Interstate Application of Intrastate Methods of Adjustment," 44 *Harv. L. Rev.* 41, 49–53 (1930).

██ In this case certain manifest equities of the type referred to are present. When the suit was instituted, defendants were residents and citizens of New Jersey. *In personam* jurisdiction was available here; Puerto Rico offered no such haven. Consequently plaintiffs were faced with the necessity of invoking the aid of our courts (or perhaps the aid of the local United States District Court) for the prosecution of the cause of action. If the defendants had had an agent in Puerto Rico upon whom process could have been served,

that forum would have been available. Such a state of affairs forced the plaintiffs to incur certain litigation expenses, including counsel fees, in order to proceed in this State. When defendants' voluntary offer to submit to the foreign jurisdiction was made as an incident of the motion to dismiss, the court was aware of that expense burden and was entirely justified in concluding that Vargas and the other plaintiffs should be relieved of it as a prerequisite to the granting of the motion. Thus we find no error in conditioning the order of dismissal upon the payment of counsel fees. Allowance of fees in such circumstances is within the inherent power of the court; in effect they are but reimbursement for expenses. *Allegro v. Afton Village Corp.,* 9 *N. J.* 156 (1952); *N. J. Highway Authority v. Renner,* 32 *N. J. Super.* 197 (*App. Div.* 1954), affirmed 18 *N. J.* 485 (1955).

Although the orders of dismissal were not drawn in such form as to make it plain that payment of the counsel fees was one of the conditions upon which they were to become operative, the opinion clearly signifies that intention. And we sustain them upon that ground.

Accordingly, the orders are affirmed in all of their aspects. No costs.

*For affirmance*—Chief Justice WEINTRAUB, and Justices WACHENFELD, BURLING, JACOBS and FRANCIS—5.

*For reversal*—Justice HEHER—1.