■ ÆTNA INSURANCE COMPANY, Respondent, v. CREOLE PETROLEUM CORPORATION, Appellant.— Order, entered on April 7, 1966, denying defendant's motion to dismiss the complaint on the ground of *forum non conveniens*, unanimously reversed on the law, on the facts and in the exercise of discretion, without costs or disbursements, motion granted and complaint dismissed, on condition that, within 10 days after the entry of the order hereon, defendant stipulates, as offered by it, to consent to the jurisdiction of the courts of Venezuela, to accept service of process in Venezuela and appear in an action to be commenced in those courts for the same relief demanded in the complaint herein, that in any action commenced in Venezuela it will not challenge plaintiff's capacity to sue in said courts, that it will not plead the Statute of Limitations as a defense in any such action brought in Venezuela but will waive it and that, in the event of a dismissal of any such action instituted in Venezuela upon any grounds other than those mentioned under the exceptions contained in CPLR 205, the plaintiff may reinstitute suit in the courts of this State within the six-month period of limitations contained in that section. In the event of defendant's failure to comply with the foregoing condition, the order is affirmed, without costs, with leave to defendant to serve its answer within 30 days from the entry of the order hereon. The action in Venezuela is to be instituted within three months after the entry of the order hereon and compliance by the defendant with the condition imposed. It is the general policy of the courts of this State, in the absence of special circumstances, to reject actions between nonresidents founded on tort, where the cause of action arises outside the State (*Wedemann* v. *United States Trust Co.*, 258 N. Y. 315, 317; *Williams* v. *Seaboard Air Line R. R. Co.*, 9 A D 2d 268, 270; *Ginsburg* v. *Hearst Pub. Co.* 5 A D 2d 200, affd. 5 N Y 2d 894). No such circumstances have been established by plaintiff in this case. Settle order on notice. Concur — Botein, P. J., McNally, Steuer, Capozzoli and Bastow, JJ.

■ MARSHALL AIR PRODUCTS CO., INC., Respondent, v. REYNOLDS FASTENERS, INC., Appellant.— Order, entered on July 6, 1966, denying defendant's motion to examine Consolidated Tube Corporation as a witness before trial, unanimously reversed, on the facts and the law, with $30 costs and disbursements to appellant, and motion granted. Defendant was, to a considerable degree, thwarted in its efforts to obtain information as to the goods which are the subject matter of the action on an examination of plaintiff. This was due to a lack of records and plaintiff's professed inability to give the information sought. The goods were bought by plaintiff from the proposed witness. It was further shown that this latter corporation was owned and controlled by members of the same family who own and control plaintiff corporation, with overlapping officerships. These circumstances dispense with the necessity of showing that the proposed witness was hostile. Settle order on notice fixing date for examination to proceed. Concur — Botein, P. J., Breitel, McNally, Steuer and Witmer, JJ.

■ In the Matter of the Final Accounting of S. CHARLES SHEER, as Substitute Committee of the Person and Property of Jeremiah Sullivan, an Incompetent Person. WILLIAM J. DRIVER, as Administrator of Veterans' Affairs, Appellant. S. CHARLES SHEER, Respondent.— Order entered November 17, 1965, to the extent that it awards $625 to the substitute attorney-committee for services, unanimously reversed, on the law and on the facts, without costs or disbursements, and the award stricken (*Matter of Erlandsen*, 265 N. Y. 155; *Matter of Becam*, 26 A D 2d 44; *Matter of Townsend*, 24 A D 2d 93; *Matter of Linden*, 26 A D 2d 916; *Matter of Natel*, 26 A D 2d 916). Concur — Botein, P. J., Breitel, McNally, Steuer and Witmer, JJ.