Rini, Appellant, *v.* New York Central Railroad Company.

Brant, Appellant, *v.* New York Central Railroad Company.

Masterson, Appellant, *v.* New York Central Railroad Company.

Argued November 14, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William W. McVay,* with him *James E. McLaughlin,* and *McArdle & McLaughlin,* for appellants.

*Chauncey Pruger,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 15, 1968:

These appeals arise from the Order of the lower Court granting defendant's motions to dismiss plaintiffs' actions under the doctrine of forum non con-

veniens. In each case, plaintiff is an employee of the New York Central Railroad Company, and these actions were commenced under the Federal Employers' Liability Act for personal injuries sustained during the scope of their employment. It is admitted that service was properly obtained in each action in Allegheny County.

The facts in each of these three companion cases are not in dispute. In *Rini v. New York Central Railroad Company*, *the accident occurred in Cleveland, Ohio, and the plaintiff resides in Cleveland.* There are fourteen proposed witnesses—*four of whom are doctors who reside in Cleveland, Ohio; none of the other witnesses reside in Allegheny County. Plaintiff was confined in two hospitals in Cleveland,* and there is available to the plaintiff both the State and Federal Courts in Cleveland, Ohio. Furthermore, the statute of limitations has not expired.

In *Brant v. New York Central Railroad Company, the accident occurred in Cleveland, Ohio, which is where the plaintiff resides. There are some thirteen witnesses, including a doctor, from Cleveland, and there are no witnesses (to be called) who reside in Allegheny County. Moreover, plaintiff was hospitalized in Cleveland and the hospital personnel may be called as witnesses.* Again, there are other appropriate forums besides Allegheny County available to the plaintiff; and the statute of limitations has not expired.

Finally, in *Masterson v. New York Central Railroad Company,* the accident occurred in Westfield, New York. Plaintiff resides in Erie, Pennsylvania, and all five of plaintiff's physicians are from Erie. There are no witnesses in this matter who reside in Allegheny County. With respect to claims by this plaintiff, he has other appropriate forums besides Allegheny County; and the statute of limitations has not expired.

Our scope of review in this matter is limited. Whether a suit should be dismissed under the doctrine of forum non conveniens depends upon the particular facts of each case and upon the discretion of the trial Court. On appeal, we will reverse only when there has been an abuse of discretion. *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A. 2d 549. In that case the Court set forth appropriate standards for determining what facts, interests and factors the Court should consider in determining whether a suit should be dismissed under the doctrine of *forum non conveniens*. The Court said (pages 560-562) :

". . . It is well within the power of the court, in the interests of justice, to decline to exercise its jurisdiction where, upon consideration of the parties, the witnesses, the situs of the cause of action and other kindred reasons, the litigation can more appropriately be conducted in another forum. See Gulf Oil Corp. v. Gilbert, supra; Koster v. Lumbermens Mut. Casualty Co., 330 U.S. 518 (1947). The American Law Institute, in its Restatement (2d), Conflict of Laws (Tentative Draft No. 4 April 5, 1957), formulates the rule this way: '§117e. FORUM NON CONVENIENS. While the plaintiff ordinarily controls choice of the forum, a court does not exercise jurisdiction if it is a seriously inappropriate forum for the trial of the action so long as an appropriate forum is available to the plaintiff.' [Footnote omitted.] Whether a suit should be dismissed under the doctrine of Forum Non Conveniens will depend largely upon the particular facts and upon the discretion of the trial court. Such exercise of discretion will be overruled on appeal only when abused.

"The factors for the lower court to consider in making its determination are succinctly put in the comments to §117e of the Restatement: 'c. Factors to be considered. The two most important factors look to the court's retention of the case. They are (1) that

since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state. [The action should not be dismissed unless defendant submits to jurisdiction in another appropriate and more convenient forum.]

" 'The remaining factors can best be grouped under the two principal interests involved: those of the parties and those of the public. This has been done as follows by Mr. Justice JACKSON in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) : "If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial. . . .

" ' "Factors of public interest also have place in applying the doctrine. Administrative difficulties fol-

low for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . ." ' "

*Walker v. Ohio River Company* and *Wilson v. Ohio River Company,*\* 416 Pa. 149, 205 A. 2d 43, which is relied upon by appellants, is on its facts clearly distinguishable. In that case, this Court held that the lower Court had abused its discretion when it sustained preliminary objections under the doctrine of forum non conveniens. In the *Walker* case, plaintiffs brought an action under the Act of Congress known as the Merchant Marine Act, for personal injuries sustained while performing services on a vessel owned by defendant. The vessel was plying the Ohio River toward Pittsburgh when it was allegedly negligently navigated, causing plaintiffs' injuries. Plaintiff Walker resided in Ohio and Wilson resided in West Virginia. Plaintiffs obtained service of defendant in Allegheny County; the defendant was a corporation doing business in Pittsburgh, Allegheny County, where it maintained its principal office and principal place of business; plaintiffs were treated for their respective injuries in both Pittsburgh and in Ohio; some of the witnesses resided in states other than Ohio or West Virginia. These facts and circumstances differ substantially from the facts and circumstances in the present case.

In each of the present cases, the cause of action arose outside of the Commonwealth of Pennsylvania; *neither the plaintiffs nor any of the witnesses reside in or have any connection with Allegheny County,* nor are the witnesses within subpoena range of the Court of Common Pleas of Allegheny County. Moreover, the

---

\* These cases were decided as one.

dissenting Judges would in practical effect eliminate most of the tests set forth in the cases hereinabove cited or quoted, especially the test of "weighty reasons." They would in practical effect change and limit the meaning of our prior decisions and of "weighty reasons," and substitute a distorted interpretation, i.e., that no other adequate forum exists, or that a foreign law or a foreign corporation is involved, or that every plaintiff has the right to choose his own forum, and thereby virtually eliminate the doctrine of forum non conveniens.

We find that there is no abuse of discretion on the part of the lower Court in dismissing these actions under the doctrine of forum non conveniens.

Orders affirmed.

Mr. Justice JONES concurs in the result.

———

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The majority opinion in this case churns up the law much more violently than any Ohio River steamboat agitating the water through which it cleaves its way. The harm it works, of course, is much more serious than the commotion caused by a passing river craft because water will return to its level whereas the corrugation in jurisprudence resulting from the majority decision will concretize permanent confusion.

As late as November 10, 1964, this Court, in a unanimous decision, laid down the law in a set of circumstances similar to the ones in the case at bar. Today the majority shakes that decision in an opinion which supplies neither compass nor rudder to lawyers and, at the same time, sends to the bottom of the legal straits the inalienable right of injured persons to choose their forum.

The three plaintiffs in this case, employees of the New York Central Railroad, brought actions under the Federal Employers' Liability Act for personal injuries sustained in their employment. Service was

242

properly made on the common defendant, which is registered to do business. in Pennsylvania and unquestionably earns substantial revenue within the borders of our Commonwealth, and should be amenable to its laws.

After the plaintiffs filed their complaints, the defendant moved to dismiss the actions, claiming forum non conveniens. The lower court granted the motion but offered no acceptable explanation in legal terminology. for its action. Although it cited cases more or less on the subject, offered quotations distantly or closely pertinent, it revealed its real motivation in a rather petulant statement that: "There is no reason why the courts of Allegheny County, with its already heavy case load of litigation, should increase its burden by the addition of suits which should properly and more conveniently be heard by the courts of the states in which they originated."

If case load is to determine availability of the courts to injured persons, then justice has become a commodity dependent on the size of the courthouse and the number of personnel therein, rather than on the intrinsic merit of claims filed by the litigants.

The majority of this Court, in sustaining the lower court's action, makes no reference to that court's lamentation about case loads, but would seem to affirm that specious rationalization, since it offers no precedent to justify the court's closing the doors of the Allegheny County courthouse to the plaintiffs.

Indeed, in attaching its seal of confirmation to the padlock hung on the lower court doors, this Court turned its back on the unanimous pronouncement of this Court in the case of *Walker v. Ohio River Co.*, 416 Pa. 149, decided only three and one-half years ago. In that case, the two plaintiffs were employees on vessels plying the Ohio River. Neither of them lived in Allegheny County. The lower court in that litigation ordered one plaintiff to file her lawsuit in Hunt-

ingdon, West Virginia, and the other plaintiff to prosecute her litigation in Cleveland, Ohio, and this Court categorically reversed, stating: ". . . Since the Court of Common Pleas of Allegheny County concededly has jurisdiction of the subject matter and of the parties, and valid service has been made upon the defendant company within its jurisdiction, the plaintiffs cannot, without compelling reasons, be ousted of their admitted right to bring their actions under the Merchant Marine Act and for maintenance and cure in a state court and/or in a federal court where the defendant can be effectively brought within the court's jurisdiction. This Court clearly stated in Plum v. Tampax, Inc., 399 Pa. 553, that '. . . since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons.' "

The majority opinion here has given no weighty reason why the plaintiffs should not be allowed to sue in Allegheny County. The defendant railroad company has argued that the witnesses to be called by both sides all reside in the state where the accident occurred and therefore the action should be instituted there; whereas, in the *Walker* case, though "most" of the witnesses resided in the state where the defendant sought to have the action brought, "some" of the witnesses resided elsewhere. Therefore, it contends the *Walker* decision is inapplicable. But such an argument overshoots the fact that the issue in both cases was and is whether or not "weighty reasons" exist sufficient to deprive plaintiffs of their right to choose the forum of their action, which right is specifically conferred on them by Federal statute (in the *Walker* case, the Merchant Marine Act, 46 U.S.C. §688 was involved; in the instant case, the Federal Employers' Liability Act, 45 U.S.C. §51 et seq. applies).

I see little reason for the application of a different rule where "most" of the witnesses reside in the state in which defendant seeks to have the action instituted

and where "all" the witnesses reside in that state. If the residence of the witnesses could not be held to be governing in the *Walker* case, as we specifically and emphatically declared, it should not govern here. The difference is not such as to supply the "weighty reason" which the law demands before depriving plaintiffs of their choice of forum.

The Majority Opinion not only inflicts a great injustice on the plaintiffs but it will spawn some vexing offspring. Since the Majority Opinion does not overrule the *Walker* case, that precedent will continue to be good law for seamen's actions brought under the Jones Act, 46 U.S.C. §688. Thus injured out-of-state seamen may continue to choose Pennsylvania as their forum while injured trainmen may not. A trainman may succeed when his case happens to come before a judge who respects our decision in the *Walker* case, and another trainman will fail if his case comes before a judge who jangles a padlock instead of levelling a scale. For instance, in the case of *Ancell v. B. & O. R. R. Co.*, Judge Lewis of Allegheny County dismissed the B. & O. preliminary objections based upon forum non conveniens at No. 503, July Term, 1967, Pitt. L. J. Aug. 1967, p. 38. Since we held in the *Moore* case that such dismissal is nonappealable, trainman Ancell will go to trial in Pittsburgh—yet the plaintiffs here will have to go shopping for another forum, an indecorous state of affairs, to say the least, which should induce the figure of justice to lift her blindfold to see what is going on in the name of impartiality.

In addition, the Majority Opinion, by stressing that the plaintiffs do not live in Allegheny County, interjects a most disturbing and confusing factor into the law of forum non conveniens. The plaintiff, Masterson, in this case lives in Erie, Pennsylvania, yet the majority would deny him the right to sue in his own state. As well stated by Justice ROBERTS in his dissenting opinion, in which I join: ". . . The doctrine of

forum non conveniens is concerned with interstate, not intrastate, problems. Masterson is a resident of Erie County as are the expert witnesses and hospital employees. Under Pa. R.C.P. 4018 they may be subpoenaed and their depositions taken."

As the Majority of this Court has seen fit to suppress the application of the *Walker* case, decided only three and one-half years ago, I trust that in less than three and one-half months from now, it may again unfasten the padlocks of unreasoning differentiation and assure plaintiffs their inalienable right to choose their forum. In the meanwhile, I dissent.

DISSENTING OPINION BY MR. JUSTICE COHEN:

I disagree with the court below and the majority of this Court with respect to the application of the doctrine of forum non conveniens to the facts of this case.

We have held on several occasions that since the plaintiff has the traditional choice of selecting the place of suit, this choice should not and will not be disturbed except for "weighty reasons." *Walker v. Ohio River Co.*, 416 Pa. 149, 205 A. 2d 43 (1964); *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A. 2d 549 (1960). No such reasons exist here which would require the dismissal of plaintiff's cause of action.

The majority opinion erroneously relies upon the case of *Plum v. Tampax, Inc.*, supra, in support of the invocation of the doctrine of forum non conveniens. A careful analysis of the underlying facts in *Plum* clearly reveals vast factual differences from the instant situation. There we were concerned with a problem involving a possible interference with the internal affairs of a foreign corporation and our Court quite properly held that plaintiff's cause of action should be dismissed on the basis of forum non conveniens. However, since the factual pattern in *Plum* is admittedly strikingly dissimilar to the present case, the majority's reliance thereon is completely unwarranted.

Moreover, the majority opinion, in the guise of strict adherence to the doctrine of stare decisis, *sub silentio*, overrules our unanimous decision in *Walker v. Ohio River Co.*, supra. The majority seeks to distinguish *Walker* from the instant case on the basis that the "facts and circumstances differ substantially" thus necessitating the application of forum non conveniens in this case but not in *Walker*. On the contrary, *Walker* presented a factual pattern which in my view is exactly identical to the present actions. In both cases the plaintiffs were nonresidents of Pennsylvania, the cause of action arose outside of Pennsylvania, the witnesses were outside of Pennsylvania, although in neighboring states, and the plaintiffs for all practical purposes were not hospitalized in Pennsylvania. In *Walker* we held that resort to the doctrine of forum non conveniens by the court below was an abuse of discretion necessitating reversal of the court's dismissal of plaintiff's cause of action. I find no justification for departing from the principle enunciated in that decision and since the majority fails to supply one, I am compelled to disagree with the resolution of the case.

When two cases, factually identical, are permitted to stand side by side with different legal consequences, it is certainly a sad day for the Bench, the Bar and more importantly—the Law.

I dissent.

***

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I am firmly of the view that the court below abused its discretion in dismissing the three actions here involved.[1] The majority attempts to distinguish *Walker*

---

[1] *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A. 2d 549 (1960) is factually and legally inapposite for we were there dealing with a unique problem presenting a clear interference with the affairs of a foreign corporation. Furthermore, while Tampax was not registered to do business in this State, the New York Central clearly is.

*v. Ohio River Co.,* 416 Pa. 149, 205 A. 2d 43 (1964). This attempt consists merely of a statement of the facts of the two actions involved in *Walker* and the conclusory phrase that the *Walker* facts "differ substantially." However, the crossing from the mountain top of fact to the mountain top of conclusion ought to be bridged by at least a modicum of reasoning. And I submit that a modicum of reasoning clearly demonstrates that *Walker* is controlling.

*Walker* held that the lower court abused its discretion when it dismissed plaintiffs' actions on the ground of forum non conveniens. As can be seen from an examination of the appendix attached to this opinion, in both the cases here involved and those in *Walker* the facts considered controlling by the majority in each case are identical, i.e., plaintiffs are not residents of Pennsylvania, the accident did not occur in Pennsylvania, the witnesses were not from Pennsylvania and plaintiff was not hospitalized in Pennsylvania. What we said in *Walker* is equally applicable to this litigation (supra at 153, 205 A. 2d at 45) : "As for inconvenience to the defendant, the neighboring states . . . [here New York and Ohio] are not so distant that transportation of witnesses to Pittsburgh would create exorbitant expense or great loss of time." The majority has thus *sub silentio* overruled *Walker* without any proffered justification. Since I believe there are no "weighty reasons" supporting the majority's dismissal and I am convinced that *Walker* was correctly decided, I must dissent.[2]

Furthermore, even if the Rini and Brant actions should be dismissed, the Masterson action clearly

---

[2] If this Court, by its reference to the backlog in Allegheny County, is intimating that we will be more charitable in our application of the doctrine of forum non conveniens when we are dealing with Pennsylvania plaintiffs, that intimation might well work an unconstitutional deprivation of the privileges and immunities

should not. The doctrine of forum non conveniens is concerned with interstate, not intrastate, problems. Masterson is a resident of Erie County as are the expert witnesses and hospital employees. Under Pa. R.C.P. 4018 they may be subpoenaed and their depositions taken. Although perhaps this will deprive defendant of the in-court testimony of some witnesses, that to me certainly does not rise to a "weighty reason" for dismissing the Masterson action.

Finally, assuming arguendo that the majority is correct in its application of the doctrine of forum non conveniens to these cases, I believe that at a minimum the order below should be modified.[3] I would follow the position taken by other courts that the action should be dismissed *only* on condition that the defendant submit to jurisdiction in a more convenient forum, see *Vargas v. A. H. Bull Steamship Co.*, 44 N.J. Super. 536, 131 A. 2d 39 (1957), aff'd per curiam, 25 N.J. 293, 135 A. 2d 857, cert. denied, 355 U.S. 958, 78 S. Ct. 545 (1958); *Aetna Insurance Co. v. Creole Petroleum Corp.*, 27 A.D. 2d 518, 275 N.Y.S. 2d 274 (1966), motion to dismiss appeal denied, 19 N.Y. 2d 682, 225 N.E. 2d 561, 278 N.Y.S. 2d 872 (1967); Restatement 2d, Conflict of Laws, §84, at 316 (Proposed Official Draft, Part I, 1967). This disposition has the distinct advantage of assuring this Court that plaintiff, having instituted his suit in a forum having jurisdiction, cannot be deprived by any action of defendant of prosecuting his action.

I dissent.

Mr. Justice MUSMANNO joins in this dissenting opinion.

---

to which nonresidents are entitled. See *Missouri ex rel. Southern R.R. Co. v. Mayfield*, 340 U.S. 1, 71 S. Ct. 1 (1950).

[3] Although the majority intimates that this action should be dismissed only on condition that defendant submit to jurisdiction in a more convenient forum, it does not modify the order below.

## APPENDIX

| | WALKER ACTIONS | | | PRESENT ACTIONS | |
|---|---|---|---|---|---|
| | Walker | Wilson | Rini | Brant | Masterson |
| Name of plaintiff | Walker | Wilson | Rini | Brant | Masterson |
| Situs of accident | Ohio River (nr. Pittsburgh) | Ohio River (nr. Cincinnati) | Cleveland, Ohio | Cleveland, Ohio | Westfield, New York |
| Residence of plaintiff | Manchester, Ohio | Huntingdon, West Virgina | Cleveland, Ohio | Cleveland, Ohio | Erie, Pennsylvania |
| Location of witnesses | All from Ohio | West Virgina and Ohio | All from Ohio | All from Ohio | Pennsylvania and New York |
| Place of hospitalization | Cleveland, Ohio | Not mentioned in opinion | Cleveland, Ohio | Cleveland, Ohio | Erie, Pennsylvania |