**Burnett v. Maritime Overseas Corp.**

*Sidney J. Smolinsky*, for plaintiff.
*Dante Mattioni*, for defendant.

HIRSH, J., February 6, 1973.—This matter is before the court on defendant's preliminary objections, in the nature of a demurrer, to plaintiff's complaint in equity. Questions concerning the sufficiency of the pleadings have been resolved between the parties and, therefore, need not be considered here. The only remaining issue presented for our determination herein is whether, as alleged by defendant, plaintiff's complaint in equity is defective insofar as this court lacks proper venue, and whether the doctrine of forum non conveniens operates to cause dismissal of the action.

Plaintiff, a merchant seaman and resident of Jacksonville, Florida, brought suit here under the Jones Act of March 4, 1915, 38 Stat. 1185, as amended, 46 U.S.C. §688, to recover damages for injuries he allegedly sustained while a member of the crew of the SS "Overseas Ulla" allegedly owned and controlled by defendant.

In support of its preliminary objections to the effect that venue is improper and that the doctrine of forum non conveniens should be invoked, defendant argues that the action was improperly initiated here because plaintiff is a resident of Florida; defendant is a corporation with its principal office and place of business in New York, New York; that the cause of action arose at a time when the vessel was in the vicinity of Okinawa; that none of the witnesses reside in the Commonwealth

of Pennsylvania; and, consequently, that defendant will be placed to inordinate inconvenience and expense to effectively defend this action in this forum. Additionally, though conceding that the venue provisions of the Jones Act do not apply to State courts, defendant directs our attention to 46 U.S.C. §688 (The Jones Act), which provides that:

"Jurisdiction . . . shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

Therefore, defendant argues, as corporate residence has been interpreted by the Federal Courts to mean State of incorporation for venue purposes, mere presence or doing business in this Commonwealth is not sufficient to establish venue.

We do not agree that the Commonwealth of Pennsylvania is not here vested with proper venue as a result of the jurisdictional provisions of the Jones Act above cited. In Pure Oil Co. v. Suarez, 384 U.S. 202 (1966), a seaman's action to recover damages for personal injuries under the Jones Act, it was held that venue is proper in the judicial district in which the employer was doing business notwithstanding the provision of the Jones Act which appears to confer jurisdiction upon the court in the district in which defendant employer resides or maintains its principal office.

Whether a suit should be dismissed under the doctrine of forum non conveniens depends upon the particular facts of each case and upon the discretion of the trial court: Plum v. Tampax, Inc., 399 Pa. 553 (1960).

The authorities cited by plaintiff support his proposition that defendant's argument concerning forum non conveniens is devoid of merit in this instance. In Walker v. Ohio River Company and Wilson v. Ohio River Company, 416 Pa. 149 (1964), the court held that

unless defendant can show "weighty reasons" why a case should be dismissed for forum non conveniens, defendant's motion to dismiss should be denied. The Federal Courts are in accord that "plaintiff's choice of forum is entitled to great weight and defendant has a heavy burden of showing a strong balance of inconvenience": Clendenin v. United Fruit Co., Inc., 214 F. Supp. 137, 139 (E.D. Pa. 1963).

Defendant counters with the case of Rini v. N.Y. Central Railroad Co., 429 Pa. 235 (1968), where it was held that the lower court had not abused its discretion in dismissing actions claiming damages under the Federal Employers Liability Act, 45 U.S.C. §51, et seq., on the basis of the doctrine of forum non conveniens. Citing §84(e) of the Restatement 2d, Conflict of Laws, entitled Forum Non Conveniens (Restatement 2d, Conflict of Laws, Tentative Draft No. 4, April 5, 1957), the court in Rini stated that the two most important factors in a determination by the court concerning retention of a case are: "(1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff": Rini, supra, at 238-39.

In Rini, the court dismissed the action because, inter alia, the cause of action arose outside the Commonwealth of Pennsylvania and neither plaintiffs nor any of the witnesses resided in or had any connection with Allegheny County (site of the forum). The court decided, therefore, that weighty reasons were advanced to invoke the doctrine, and that equally appropriate forums were provided in other States.

Here, we feel that the required "weighty reasons" have not been advanced. Though it is true that defen-

dant maintains its principal place of business in New York, service was properly made upon its agent within the jurisdiction of this court and defendant is doing business here. While we recognize that the cause of action arose outside the Commonwealth, it occurred outside this country as well and we feel, therefore, that no forum is more appropriate. That none of the witnesses are residents here, still, through their capacity as seamen, this factor, as explained by the court in Medich v. American Oil Co., 177 F. Supp. 682, 683 (E.D. Pa. 1959), is not controlling.

In Medich, cited by Clendenin v. United Fruit Co., supra, it was stated:

"While the defendant has stressed that the seamen witnesses all reside in or near the Southern District of Texas, the very fact that their witnesses are seamen dilutes the importance of this factor; by the nature of their employment seamen are often unavailable as witnesses and their testimony must then be submitted in deposition form. In the case at bar the fact that another district is more convenient to witnesses who may testify is not a sufficiently strong factor to overcome plaintiff's venue privilege."

In our view, defendant has failed to sustain his burden of demonstrating "weighty reasons" why the complaint should be dismissed on the ground of forum non conveniens, nor has he indicated the existence of a more appropriate forum. As service has properly been made upon defendant within the jurisdiction of this court, we feel that the doctrine of forum non conveniens cannot properly be invoked to dismiss plaintiff's complaint in equity.

Accordingly, it is hereby ordered that defendant's preliminary objection is overruled.