## Montgomery v. Montgomery

*Joseph N. Cascio*, of *Fike, Cascio & Boose*, for plaintiff.

*Martha A. Zatezalo*, and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for defendant.

COFFROTH, *P.J.*, August 1, 1978—This divorce case is here on defendant wife's petition for a change of venue alleging that Somerset County, where plaintiff husband resides, is an inconvenient forum (forum non conveniens) because the last marital domicile was Allegheny County, Pa., defendant resides in Allegheny County, Pa., virtually all witnesses (who include some professional people) reside and work there, and it would be a financial hardship for defendant to litigate the case here because her sole income for the support of herself and three children is a support order of $1,500 monthly paid by plaintiff.

Plaintiff resists the application on its merits and in addition moves to strike the petition on the ground that Pa.R.C.P. 1006(d) under which it was filed is inapplicable to divorce actions.

## MOTION TO STRIKE

The procedure in divorce actions is governed by Pa.R.C.P. 1121 through 1137, referred to in the rules as the divorce "chapter." Rule 1122 of that chapter governs divorce action venue and provides as follows: "The action may be brought in and only in the county in which the plaintiff or the defendant resides." There is no provision in the divorce chapter for change or transfer of venue; such provisions are contained only in subsections (d) (change of

venue) and (e) (transfer of venue) of Rule 1006 which is part of the chapter governing the action of assumpsit and whose other subsections prescribe venue for the action of assumpsit. Rule 1121(b) provides for the application of certain assumpsit rules to divorce actions; it is the focus of the argument here and provides as follows: "(b) Except as otherwise provided in this [divorce] chapter, the procedure in the action [of divorce] shall be in accordance with the rules relating to the action of assumpsit." Rule 1006(d) provides for change of venue as follows: "(d) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

Plaintiff's counsel contends that no part of assumpsit Rule 1006 pertaining to venue of assumpsit actions can apply to divorce actions, because divorce venue is "otherwise provided in this [divorce] chapter," within the meaning of 1121(b) supra, by Rule 1122, supra, establishing venue in divorce actions. His theory is or must be that Rule 1122 specifying the permissible counties of venue not only limits divorce venue to those counties, but also is intended as the sole and complete provision relating in any way to divorce venue and pre-empts the entire subject matter of divorce venue, and therefore prevents any aspect of divorce venue (including the transfer of venue) from being governed by the assumpsit rules.

That argumentum conveniens reads too much into the rules and will not withstand scrutiny.

As we construe Rule 1121(b), the phrase "except as otherwise provided" in the rules is the equivalent of "except as inconsistent with" the rules. Rule

1122 establishing divorce venue in either of the two counties (Somerset and Allegheny) is not inconsistent with granting a change of venue from one county of authorized venue to another. Compare Yachere v. Yachere, 52 D. & C. 2d 768, 771, 26 Somerset 196, 200 (1971).

If we were to accept plaintiff's theory, then Rule 1006(e) would also be inapplicable to divorce actions, thereby preventing a divorce action brought in the wrong county from being transferred to a proper county of venue, and plaintiff would then be forced to go through the cumbersome, costly, common law horse-and-buggy procedure of beginning his action all over again in a proper county. The provision for transfer without such rigmarole contained in Rule 1006(e) is a substantial improvement in our system of justice. As we said in Com. v. Ansell, 56 D. & C. 2d 759, 763, 26 Somerset 248, 251-2 (1971):

"At common law, a legal proceeding brought in the wrong court, whether because the court lacked jurisdiction over the subject matter or because it lacked venue, was dismissed. If the statute of limitations had not expired, a new proceeding could be brought in the proper court so that, despite the error and loss of money and time involved, the plaintiff or Commonwealth did not lose its remedy . . . It would make more sense, better justice and improved efficiency if the action, instead of being dismissed, were transferred to the proper court, thereby obviating any problem of the statute of limitations or of beginning the action over again. Such a procedure was finally made applicable to civil actions where venue was improperly laid, but not until 1967 under Pennsylvania Rules of Civil Procedure 1006(e) . . . "

We do not believe that the Supreme Court in promulgating Rule 1006(e) intended to exclude divorce actions from its beneficial effect, and the same reasoning is applicable to 1006(d). We also note that the Superior Court applied the first sentence of Rule 1006(e), requiring venue to be raised by preliminary objection, in the divorce case of Hohlstein v. Hohlstein, 223 Pa. Superior 348, 352, 296 A. 2d 886 (1972), where the court said: "The proper manner in which a party may raise improper venue is by preliminary objection, and if it is 'not so raised shall be waived.' Pa.R.C.P. §1006(e)."

The argument against applying 1006(d) to divorce actions cannot be sustained on the basis of the language of the rules, and public policy considerations also force its rejection. The motion to strike the petition for change of venue must be denied.

## MERITS OF THE PETITION

On the merits of the petition, defendant is not without some justification for wanting the case transferred to her home county for reasons of convenience to her and her witnesses, but plaintiff, a physician, is a resident of Somerset County and has his full time practice here, and retaining the litigation in Somerset County serves his substantial interests.

Where there is a choice of authorized forum, it is the policy of the law "'to permit a plaintiff to institute suit against the defendant in the county most convenient for him and his witnesses.'" Gibbs v. Casey, 35 Somerset 119, 126 (1978). Consequently, the courts consistently hold that plaintiff's choice of an authorized forum should not be disturbed except for weighty reasons, that is, only if the chosen forum is a seriously inappropriate one: Rini v. New

York Central Railroad, 429 Pa. 235, 240 A. 2d 372 (1968); Walker v. Ohio River Company, 416 Pa. 149, 205 A. 2d 43 (1964). Accordingly, a defendant has a substantial burden to satisfy the court of the propriety of depriving plaintiff of his chosen forum in favor of defendant's chosen forum. Under the circumstances in this case, the reasons favoring transfer, weighed against the reasons favoring this forum, are not so weighty as to make this a seriously inappropriate forum.

In addition it is true, as plaintiff's counsel points out, that under our practice of having divorce cases heard by appointed masters, there is less reason in a divorce case for transfer of forum for the convenience of witnesses than in other types of litigation heard by the court, because of Rule 1134 under which a Somerset County master could be directed to hear certain witnesses in Allegheny County. Rule 1134 contains broad authority for the master to sit elsewhere, and provides as follows: "The court, upon the motion of either party and upon such terms as it may order, may authorize and direct the master to take testimony of witnesses in any other county of the Commonwealth or in any other state or territory subject to the jurisdiction of the United States, or in any foreign country." Without now deciding to what extent if any we would be inclined to exercise the authority granted by Rule 1134, it is at least clear that retaining venue here does not mean that all witnesses will have to testify here as matter of law, and does mean that there is at least the possibility that defendant may without a change of venue obtain some of the benefits of it.

## ORDER

Now, August 1, 1978, plaintiff's motion to strike

227

defendant's petition for change of venue, and defendant's petition for change of venue, are denied.