## Anderson v. Lykes Bros. Steamship Co.

*John T. Biezup*, for plaintiffs.
*Stanley P. Kops*, for defendant.

BIUNNO, *J.*, January 18, 1979—Defendant has filed preliminary objections under Pa.R.C.P. 1017(b)(1) praying that plaintiffs' complaint be dismissed on the basis of forum non conveniens.

Plaintiff, Alcee Anderson, has filed a complaint in trespass wherein he seeks damages under the laws of admiralty as modified by the Jones Act of March 4, 1915, 38 Stat. 1185, as amended, 46 U.S.C.A. §688 et seq., for personal injuries allegedly sustained on or about March 26, 1977, while he was in the United States Merchant Marine and employed as a seaman aboard the S.S. *Charlotte Lykes*, then in the port of Beira, Mozambique. Plaintiff, Sylvia Anderson, joins in the suit for loss of consortium.

The facts established by the pleadings, affidavits and answer to interrogatories, and which were

somewhat elucidated in oral argument are as follows:

Plaintiffs reside and are presently domiciled in New Orleans, Louisiana; defendant, Lykes Bros. Steamship Co., is incorporated under the laws of Louisiana and has its principal office in New Orleans and is doing business in the Port of Philadelphia through a registered agent at the office of Charles Kurz Co., 313 Chestnut Street; the S.S. *Charlotte Lykes* is operated by defendant and was in an East African port at the time of the alleged occurrence; plaintiff joined the ship's crew in Houston, Texas, or New Orleans, Louisiana, and he received his pre-sign-on physical examination at New Orleans.

The pleadings establish further that plaintiffs' cause is founded on the alleged unseaworthiness of the ship and the alleged negligence of its owners in permitting military police of the African country to board the vessel, arouse plaintiff from his sleep and abuse him; further that as a result of injuries sustained, plaintiff was treated in Mombasa, Kenya, and then repatriated to New Orleans, Louisiana, where he received continuous medical care by the U.S. Public Health Service.

An affidavit by defendant, with supporting documents, avers that plaintiffs' claim is founded in part on the contention that plaintiff was assaulted by the ship's first mate as well as the armed military police after an alleged flag-stealing incident ashore by one of the crew members. The first mate of the ship resides in Raleigh, North Carolina, the captain resides in New Orleans, Louisiana, and of the entire 44-member crew of the ship on the particular voyage involved, none reside in Pennsylvania or within the jurisdiction of this court. Seven crew

members reside in Louisiana, five along the eastern seaboard and the remainder for the most part reside in the states of Florida, Texas, Alabama, Arizona and Georgia.

The ship is home-ported in Mobile, Alabama, her operations are directed from New Orleans, and she calls at the port of New Orleans on every voyage. It appears that the vessel does not call at the port of Philadelphia.

A fair reading of the pleadings and plaintiffs' answers to interrogatories indicates that the only contacts that this case has with this Philadelphia forum is that plaintiffs' counsel is located in Philadelphia as is a psychiatrist, Dr. Leo C. Freeman, who has examined and treated plaintiff in Philadelphia since the alleged occurrence. Plaintiff alleges further that he has two experts, a master mariner and an economist, who reside in Pennsylvania and are subject to the court's process.

It is clear from the foregoing that known fact witnesses, hospital records, medical personnel and the like are located for the most part, and amenable to process in and about New Orleans, Louisiana. Conversely none of the foregoing are within the jurisdiction of this court. In our view, Philadelphia is not a convenient forum for this case.

While plaintiffs' choice of forum should not be disturbed except for weighty reasons and then only where an alternative forum is available, such conditions exist in this case. We believe that Philadelphia is not a convenient forum for the trial of this matter. As stated in Rini v. New York Central R.R. Co., 429 Pa. 235, 239, 240, 240 A. 2d 372 (1968):

" 'Important considerations are the relative ease

of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial . . .

" ' " 'Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation . . .' " ' "

To the same effect, see Daugherty v. Inland Tugs Co., 240 Pa. Superior Ct. 527, 359 A. 2d 465 (1976), and Norman v. Norfolk & Western Ry. Co., 228 Pa. Superior Ct. 319, 323 A. 2d 850 (1974).

We note further that the statute of limitations in this matter is three years and that defendant has agreed to accept service of process in Louisiana. Moreover, it appears that the most appropriate forum is the U.S. District Court for the Eastern District of Louisiana.

In view of the foregoing, defendant's preliminary objection on the grounds of forum non conveniens is sustained and plaintiffs' complaint is dismissed subject to defendant's execution of agreement to acknowledge and accept receipt of service, as of the date of the institution of this suit, of pleading in a proper court in Louisiana.