**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3723-22
               A-3724-22
               A-3725-22

HOLLY JOY WALKER, as
guardian ad litem of STEVEN
THOMAS WALKER, a minor,
HOLLY WALKER, individually,
and STEVEN WALKER,
individually,

      Plaintiffs-Respondents,

v.

INSPIRA HEALTH NETWORK,
INC., INSPIRA HEALTH
NETWORK MEDICAL GROUP,
P.C., INSPIRA MEDICAL
CENTERS, INC., LABORATORY
CORPORATION OF AMERICA,
d/b/a LABCORP, DEARON
TUFANKJIAN, D.O., DOMINIC
MARCHIANO, M.D., and ROBERT
DEBBS, D.O.,

      Defendants-Respondents,

and

MELISSA SUAREZ, D.O. and

SAMANTHA DELUCA, D.O.,

     Defendants-Appellants,

and

LABCORP, INC.,

     Defendant.

_____

HOLLY JOY WALKER, as guardian ad litem of STEVEN THOMAS WALKER, a minor, HOLLY WALKER, individually, and STEVEN WALKER, individually,

     Plaintiffs-Respondents,

v.

INSPIRA HEALTH NETWORK, INC., INSPIRA HEALTH NETWORK MEDICAL GROUP P.C., and INSPIRA MEDICAL CENTERS, INC.,

     Defendants-Appellants,

and

LABORATORY CORPORATION OF AMERICA, d/b/a LABCORP, DEARON TUFANKJIAN, D.O., DOMINIC MARCHIANO, M.D., MELISSA SUAREZ, D.O., SAMANTHA DELUCA, D.O.,

and ROBERT DEBBS, D.O.,

    Defendants-Respondents,

and

LABCORP, INC.,

    Defendant.

_____

HOLLY JOY WALKER, as
guardian ad litem of STEVEN
THOMAS WALKER, a minor,
HOLLY WALKER, individually,
and STEVEN WALKER,
individually,

    Plaintiffs-Respondents,

v.

INSPIRA HEALTH NETWORK,
INC., INSPIRA HEALTH
NETWORK MEDICAL GROUP,
P.C., INSPIRA MEDICAL
CENTERS, INC., LABORATORY
CORPORATION OF AMERICA,
d/b/a LABCORP, DOMINIC
MARCHIANO, M.D., MELISSA
SUAREZ, D.O., SAMANTHA
DELUCA, D.O., and ROBERT
DEBBS, D.O.,

    Defendants-Respondents,

and

DEARON TUFANKJIAN, D.O.,

    Defendant-Appellant,

and

LABCORP, INC.,

    Defendant.

_____

<div style="margin-left: 2em;">

Argued (A-3723-22) and Submitted (A-3724-22 and A-3725-22) February 6, 2024 – Decided February 27, 2024

Before Judges Sumners and Perez Friscia.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1629-23.

Beth Ann Hardy argued the cause for appellants Samantha DeLuca, D.O., and Melissa Suarez, D.O., in A-3723-22 (Farkas & Donohue, LLC, attorneys; Evelyn Cadorin Farkas, of counsel; Robert Gerald Veech, III, on the briefs).

Parker McCay P.A., attorneys for appellants Inspira Health Network, Inc., Inspira Health Network Medical Group, P.C., and Inspira Medical Centers, Inc., in A-3724-22 (Lora M. Foley and Andrew S. Winegar, on the briefs).

Ruprecht, Hart, Ricciardulli & Sherman, LLP, attorneys for appellant Dearon Tufankjian, D.O., in A-3725-22 (Patricia E. Voorhis, on the briefs; Michael R. Ricciardulli, of counsel and on the briefs).

</div>

Christina Vassiliou Harvey argued the cause for respondents Holly Joy Walker, as guardian ad litem of Steven Thomas Walker, Holly Walker, individually, and Steven Walker, individually (Lomurro Munson, LLC, attorneys; Jonathan H. Lomurro, of counsel; Christina Vassiliou Harvey, of counsel and on the briefs; Jeffrey John Niesz, on the briefs).

Ellen Nunno Corbo argued the cause for respondents Dominic Marchiano, M.D., and Robert Debbs, D.O. (Burns White LLC, attorneys; James A. Young, of counsel; Ellen Nunno Corbo, on the briefs).

PER CURIAM

Plaintiffs Holly Walker and Steven Walker, individually, and Holly Joy Walker, as guardian ad litem of Steven Thomas Walker, filed a medical malpractice action alleging defendants negligently treated Holly[1] and the unborn Steven Thomas by failing to properly diagnose Steven Thomas' congenital disorder or advise Holly and Steven there was an "extremely high risk" that Steven Thomas would be born with the congenital disorder. Plaintiffs live in Salem County but filed the action in Essex County, where defendant Laboratory Corporation of America (LabCorp) has locations. See R. 4:3-2(a)(3) (venue "shall be laid in the county in which the cause of action arose, or in which any

---

[1] Because plaintiffs have the same last name, we refer to them by their first names for convenience and to avoid confusion. We mean no disrespect.

A-3723-22

party to the action resides at the time of its commencement, or in which the summons was served on a nonresident defendant"). The other defendants, Melissa Suarez, D.O., Samantha DeLuca, D.O., Inspira Health Network, Inc., Inspira Health Network Medical Group, P.C., Inspira Medical Centers, Inc., Dearon Tufankjian, D.O., Dominic Marchiano, M.D., and Robert Debbs, D.O., all work or live in or near Gloucester County, which borders Salem County. All the medical services related to plaintiffs' allegations were rendered in Gloucester County.

Through several motions and cross-motions, defendants[2] sought to transfer venue to Gloucester County pursuant to Rule 4:3-3(a). The trial court denied the requests in three separate orders, accompanied with separate but essentially identical written decisions. Citing Rule 1:1-2(a), which allows the relaxation of a procedural rule when strict adherence "would result in an injustice," the court analyzed defendants' motions under the doctrine of forum non conveniens, which allows a court to exercise discretion to "determine whether transfer of the action is proper when an alternative venue exists." Applying the standard set forth by the United States Supreme Court in Gulf Oil

---

[2] Hereafter, references to defendants do not include LabCorp, which is not a party to this appeal because it neither moved to change venue nor participated in the motions before the trial court.

Corp. v. Gilbert, 330 U.S. 501 (1947), and adopted by our Supreme Court in Gore v. U.S. Steel Corp., 15 N.J. 301 (1954), the court found transfer to Gloucester County unwarranted.

The court determined that under Rule 4:3-2, venue was properly laid in Essex County because LabCorp "does business throughout . . . New Jersey, including multiple locations in Essex County."  Yet, the court recognized that Rule 4:3-3(a) provides there may be "a change of venue . . . for the convenience of the parties and witnesses in the interest of justice."  Considering the doctrine of forum non conveniens, "an equitable principle that may be invoked once jurisdiction and venue are established," the court cited Kurzke v. Nissan Motor Corp. in U.S.A., 164 N.J. 159, 162 (2000), for the proposition that the doctrine "allows a court to decline jurisdiction when it would be inappropriate to try the case in the forum selected by the plaintiff."  The court scrutinized the respective case load statistics of Essex and Gloucester Counties.  The court acknowledged that from the commencement of the lawsuit through the pendency of the motions, our Chief Justice had suspended civil trials in Vicinage 15, which

7

includes Gloucester and Salem Counties, due to the critical shortage of judges there.[3]

Considering the parties' arguments and the law, the court denied the motions. Yet, the court stated its ruling might have been otherwise had civil trials in Gloucester not been suspended at the time. The court noted:

> Gloucester County's current civil trial moratorium must take precedence. If Gloucester County did not have a civil trial moratorium, the [c]ourt would seriously consider relaxing the rules regarding venue. However, at this time, there is no guarantee when the civil trial moratorium will be lifted. Gloucester County's civil trial moratorium has been enacted due to judicial vacancies throughout the state.
>
> [Emphasis added.]

On leave to appeal, the parties reiterate the arguments made before the trial court with one exception—defendants now contend that because the civil trial moratorium in Gloucester County no longer exists, venue should be transferred. This is game-changing.

About three weeks after the trial court entered its orders denying the motions to transfer venue and after these appeals were filed, the Chief Justice

---

[3] See Press Release, N.J. Cts., Statement of Chief Justice on Suspension of Civil and Matrimonial Trials in Vicinages Due to Vacancy Crisis (Feb. 7, 2023).

A-3723-22

announced that civil trials would immediately resume in Vicinage 15.[4] This is significant given the court's recognition that the civil trial moratorium in Gloucester County took "precedence" in keeping the case in Essex County, and that if the moratorium had not existed, the court "would seriously consider relaxing the rules regarding venue" to transfer the case to Gloucester County. Given the cards the court was dealt at the time it decided the motions, the court did not abuse its discretion in denying the motions to transfer venue to Gloucester County. See Diodato v. Camden Cnty. Park Comm'n, 136 N.J. Super. 324, 328 (App. Div. 1975) (applying an abuse of discretion standard in reviewing a trial court's order on a motion to change venue). However, the lifting of the moratorium requires a reexamination of whether venue should be transferred to Gloucester County.

To avoid prolonging the prosecution of this lawsuit, we see no need to remand to the trial court to reconsider its prior orders based upon the reality that civil trials in Gloucester County have been reinstated. We therefore summarily decide that, in accordance with Rule 4:3-3(a) and the doctrine of forum non

---

[4] Press Release, N.J. Cts., Statement of Chief Justice on Suspension of Civil and Matrimonial Trials in Vicinages Due to Vacancy Crisis (July 5, 2023).

conveniens, this case should be transferred to Gloucester County because the civil trial moratorium has been lifted.

Under Rule 4:3-3(a), venue can be changed based on "the convenience of [the] parties and witnesses in the interest of justice." Generally, forum non conveniens applies when our courts consider whether we should exercise jurisdiction over a matter as opposed to another jurisdiction. E.g., Civic S. Factors Corp. v. Bonat, 65 N.J. 329, 332 (1974) (alternative forum was in New York); Gore, 15 N.J. at 303-04 (Alabama); Yousef v. Gen. Dynamics Corp., 205 N.J. 548, 559 (2011) (South Africa); Kurzke, 164 N.J. at 162 (Germany). Our courts, however, have also recognized "[t]here are no immutable boundaries confining [forum non conveniens], nor should there be." Vargas v. A. H. Bull S.S. Co., 44 N.J. Super. 536, 545 (Law Div.), aff'd, 25 N.J. 293 (1957). As an equitable principle, forum non conveniens is intended to further "the sound administration of justice" and our Supreme Court urged courts to "not hesitate to follow it in appropriate circumstances." Gore, 15 N.J. at 313.

Plaintiffs, defendants, and potential witnesses all reside or work in Gloucester County or neighboring Salem County. There is no dispute that keeping this matter in Essex County costs the parties significant travel time and greater expenses for court appearances for motion practice and trial than in

A-3723-22

Gloucester County. The Essex County courthouse is about a two-hour drive one-way from where defendants as well as plaintiffs live and work. Whereas the Gloucester County courthouse is about a half-hour drive one-way for the parties. The extended travel to Essex County would disrupt defendants' medical practices and their patients' care. Moreover, LabCorp, the party which serves as the sole basis for this case being in Essex County, has taken no position on venue. We conclude there is no longer any concrete reason to maintain venue in Essex County.

We stay our decision to enable plaintiffs to file a petition for certification within the time allowed by our court rules. But should they advise the trial court that a petition will not be filed or the time to file a petition expires, the court shall promptly issue an order transferring this case to Gloucester County.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3723-22