Isaac B. Felts, Appellant, v. Delaware, Lackawanna and Western Railroad Co., Caroline Hoysradt, Widow, and Albert Hoysradt, Administrator c. t. a. of Jacob Hoysradt, Deceased.

*Statutes—Repeal—Change of venue—Constitution—Article 3, section 23 ; Acts of April 14, 1834, and March 30, 1875.*

The Act of April 14, 1834, P. L. 395, entitled "An act relating to suits brought by and against canal and railroad companies," was repealed by the Act of March 30, 1875, P. L. 35, entitled "An act relating to and authorizing changes of venue in civil causes."

*Change of venue—Definition—Transfer of cause,*

Change of venue, strictly speaking. means a change of the place of trial to another county, but is sometimes used to denote the transfer of the cause to another court or judge within the county or district in which it is pending. Change of venue in a state which has no nisi prius system is to all intents and purposes, beyond mere form, a transfer of cause.

Argued Feb. 21, 1899. Appeal, No. 265, Jan. T., 1898, by plaintiff, from order of C. P. Lackawanna Co., June T., 1889, No. 437, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Ejectment for coal in Lackawanna township.

From the record it appeared that on September 15, 1894, plaintiff filed of record an affidavit and præcipe for the removal of the cause to Pike county under the Act of April 14, 1834, P. L. 395. The court refused the application. On September 19, 1894, the case was tried in the absence of the plaintiff, and a verdict and judgment was entered in favor of defendant. On appeal it was reversed by the Supreme Court. See 170 Pa. 432, and 178 Pa. 290. On September 21, 1897, the case was again called for trial, and the plaintiff not appearing a nonsuit was entered. The court subsequently refused to take off the nonsuit, EDWARDS, J., filing the following opinion :

This case was on the trial list last September term, and was regularly called. The defendants were present demanding trial. The plaintiff declined to go on with the case and a nonsuit was thereupon allowed as provided by act of assembly. A rule was

subsequently granted to take off this nonsuit. Before the nonsuit was ordered, the plaintiff by his counsel filed a paper objecting to the jurisdiction of the court, and claiming that a trial by this court would be coram non judice and of no avail, and specifying the reasons why the court had no jurisdiction. The paper filed ends thus : " For these reasons, the plaintiff understanding that a trial in this court would be coram non judice and void, he declines to appear and go to trial in this court."

The reason assigned for the want of jurisdiction is that the plaintiff on September 15, 1894, filed his election to remove his cause to Pike county under the provisions of the Act of April 14, 1834, P. L. 395. On the argument of the rule to take off the nonsuit the only ground assigned was the want of jurisdiction. Our answer to the argument is to be found in the case of Felts v. The D., L. & W. R. R. Co., 170 Pa. 432, the same case that is now before us. It will be seen at once that we are asked to sit in judgment upon the decision of the Supreme Court in this case. It might be a pleasant variation of judicial work for a court of common pleas to exercise appellate jurisdiction over the judgments of our Supreme Court; but, with becoming modesty, we shall allow the appellate tribunal itself to change or modify its own judgments, whenever it feels called upon to exercise that high privilege.

The rule to take off the nonsuit is discharged.

*Errors assigned* were (1) in assuming and exercising jurisdiction over the case after it had been regularly removed to the court of common pleas of Pike county under the provisions of the act of assembly of April 14, 1834, P. L. 395 ; (2) in proceeding to call the case for trial, and entering judgment of nonsuit against the plaintiff ; (3) in refusing to set aside said judgment of nonsuit.

*A. Ricketts,* with him *John F. Scragg* and *E. Merrifield,* for appellants.—We submit that the learned court below erred in permitting the defendant to claim and have the benefit of the Act of March 30, 1875, P. L. 35, it being a part of that future legislation, the benefit of which was expressly denied to them by the constitution.

The Act of 1834, P. L. 395, is entitled " An act relating to

suits brought by and against canal and railroad companies." It has but the one special subject, to wit: the removal of the suits mentioned in its title.  On the other hand, the act of 1875 is a general act, relating to the one subject of change of venue, and only to judicial action as to the same.  Its repealing clause is confined to " act of the general assembly heretofore passed, relative to changes of venue in civil causes," and refers to nothing else.

It cannot be logically said that " change of venue," and " removal of cause," are identical terms because similar results are accomplished by them: Com. v. Balph, 111 Pa. 365.

If the act of 1875 does really include the subject of the act of 1834, then its title is plainly misleading.  And where that is the case it has been repeatedly decided that the act is unconstitutional: Union Pass. Ry. Co.'s App., 81* Pa. 91; Rogers v. Improvement Co., 109 Pa. 109; Ridge Ave. R. R. Co. v. Phila., 124 Pa. 219; Philadelphia v. Ry. Co., 142 Pa. 484; Gackenbach v. Lehigh Co., 166 Pa. 448; Payne v. School Dist., 168 Pa. 386; Evans v. Williston, 168 Pa. 578.

It is the plainly, fully, repeatedly and explicitly declared law of this state, that a subsequent general act does not repeal a prior particular act, without an expressed intention to that effect, or a necessary implication: Bounty Accounts, 70 Pa. 92; Rounds v. Waymart Borough, 81 Pa. 395; Kilgore v. Com., 94 Pa. 495; Seifried v. Com., 101 Pa. 200; Malloy v. Reinhard, 115 Pa. 25; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 233; Bell v. Allegheny Co., 149 Pa. 381; Erie v. Bootz, 72 Pa. 196; Wright v. Vicker, 81 Pa. 122; Osborne v. Everitt, 103 Pa. 421.

*Jessup & Jessup, James H. Torrey* and *Everett Warren,* for appellees, were not heard.

Opinion by Mr. Justice McCollum, February 26, 1900:

When this case was here before (170 Pa. 432), we held that the act of April 14, 1834, entitled " An act relative to suits brought by and against canal and railroad companies," was repealed by the act of March 30, 1875, entitled " An act relating to and authorizing changes of venue in civil causes."  A motion for a reargument was denied in a per curiam opinion in which we said, inter alia, that the act of 1875, " was intended

to introduce a system applicable to all cases that might arise, and to supersede and replace the incomplete system provided by the act of 1834. We think it was effectual for that purpose:" 178 Pa. 290.

The present appeal appears to have been taken for the purpose of a reargument, which was allowed and duly considered, but which failed to convince us of error in our former conclusion, that the act of 1875 repealed the act of 1834.

It was within the power of the legislature to provide a system in conformity with article 3, section 23, of the constitution, and it was its plain duty to do so. The power was exercised and the duty performed by the passage of the acts of March 18 and March 30, 1875. It is the act of March 30 on which the repeal of the act of 1834 is based. There is nothing in the act of March 18 which requires consideration in this case.

Change of venue, strictly speaking, means a change of the place of trial to another county, but is sometimes used to denote the transfer of the cause to another court or judge within the county or district in which it is pending: 4 Encyclopedia of Pleading and Practice, p. 375. "Change of venue" and "removal of causes" in statutes authorizing the transfer of causes are interchangeable and of the same significance: 119 Mo. 375. Change of venue in a state which has no nisi prius system is to all intents and purposes beyond mere form a transfer of cause: People v. Hurst, 41 Mich. 328.

In Denny v. Railroad Co., 2 Pa. C. C. R. 645, it was held that the act of April 14, 1834, making it the right of defendant corporations to have a change of venue on filing an affidavit, is repealed by the act of March 30, 1875, which leaves the matter to the sound discretion of the court upon full hearing. JOHNSON, P. J., in delivering the opinion of the court, said, inter alia: "The present constitution provides, article 3, section 23, that the power to change the venue in civil and criminal causes shall be vested in the courts, to be exercised in such manner as shall be provided by law. This clause in the organic law required legislation. Accordingly the first legislature under the new constitution passed two general laws upon the subject of change of venue; the first in regard to criminal cases, the second as to civil cases. The former contains no repealing clause. The latter by its seventh section provides

'that all acts of the general assembly heretofore passed relative to change of venue in civil causes be and the same are hereby repealed.' . . . . It is sweeping in its terms and is more than an implied repeal by its letter. The reason of the act adds force to this position. Prior to the adoption of the present constitution, local, special and partial legislation had filled our pamphlet laws. Many of these were of doubtful propriety, and enacted by doubtful means. The framers of the new constitution, in all their proceedings, showed a determination to prevent legislation of this character. . . . The acts of 1875 gave to all corporations and to all citizens the right to a change of venue upon the same terms."

In the case last cited the railroad company, claiming to have a right to remove it to an adjacent county, filed an affidavit under the act of 1834. Its claim was denied on the ground that the act of 1834 was repealed by the act of March 30, 1875. No appeal was taken from the decision. If since the passage of the act of March 30, 1875 and prior to September, 1894, any appeal has been taken from the refusal of the court below to allow a change of venue applied for under the act of 1834, and within the period aforesaid, it has not come under our notice. The only appeals of this nature to which our attention has been called are those taken by the plaintiff in the case at bar.

The act of 1834 was restricted to a particular class of cases. It authorized either party in any suit or action brought in any of the courts of the commonwealth, by or against any canal or railroad company, to remove the same on filing the affidavit required, into the court of any other adjacent county through which the canal or railroad of such company was not located, and which suit was to be there proceeded in by the proper court in like manner and subject to like rules and proceedings as if it had remained in the court in which it was originally commenced. It provided for a change of venue, without the aid of the court from which the cause was removed, to the court of an adjacent county. It is an act plainly within the repealing clause of the act of March 30, 1875, by which a complete system is established for a change of venue in civil causes in accord with article 3, section 23, of the constitution. The specifications of error are therefore overruled.

Judgment affirmed.