657 A.2d 499

**Sylvester McCRORY, Appellant**

v.

**Jack W. ABRAHAM, Jr. and Sharon Smith, Administrator of the Estate of Jack Wilson Abraham, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1994.

Filed March 9, 1995.

Reargument Denied May 22, 1995.

Justine Gudenas, Philadelphia, for appellant.

Michelle H. Young, Philadelphia, for appellees.

Before OLSZEWSKI, JOHNSON and HESTER, JJ.

OLSZEWSKI, Judge:

On May 1, 1989, appellant Sylvester McCrory was crossing State Route 940 in Paradise Township, Monroe County when he was struck by an automobile. Appellee Jack W. Abraham, Jr., owner and operator of the automobile, asserted that he did not see anything in the roadway as he approached. Two other pedestrians were also struck by Abraham's vehicle, one of whom died from his injuries. McCrory was treated by emergency personnel at the scene and later taken to Mt. Pocono Medical Center. He spent eleven days at the hospital before he was discharged.

McCrory filed a complaint against Abraham in August 1990 in Philadelphia County. Subsequently, Abraham died and McCrory filed an amended complaint naming Abraham's estate as defendant. Pursuant to Pa.R.C.P. 1006(a), Abraham's estate (hereinafter Abraham) filed preliminary objections seeking to quash service and alleging that venue was improper. These objections were denied by the Honorable Nicholas D'Alessandro. On February 4, 1994, Abraham filed a petition for change of venue pursuant to Pa.R.C.P. 1006(d)(1) in order

to move the trial to Monroe County.[1] Abraham's 1006(d)(1) petition was granted by the Honorable Russell Nigro. This appeal followed.

■ McCrory claims that the trial court erred in granting Abraham's petition to change venue under Pa.R.C.P. 1006(d)(1).[2] A trial judge has great discretion in reviewing petitions to change venue on the basis of forum non conveniens. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 241–43, 579 A.2d 1282, 1284 (1990); *Brown v. Delaware Valley Transplant Program*, 371 Pa.Super. 583, 585–87, 538 A.2d 889, 891 (1988); *Fox v. Pennsylvania Power & Light Co.*, 315 Pa.Super. 79, 81, 461 A.2d 805, 806 (1983). On appeal, we need only determine whether the trial judge abused that discretion. *Purcell*, 525 Pa. at 241–43, 579 A.2d at 1284; *Brown*, 371 Pa.Super. at 585–87, 538 A.2d at 891. It is not enough to persuade an appellate court that it might have reached a different conclusion. *Mackarus's Estate*, 431 Pa. 585, 596, 246 A.2d 661, 666–67 (1968); *Brown*, 371 Pa.Super. at 585–87, 538 A.2d at 891. Instead, an appellant must show that "in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will...." *Id.* (quoting *In re Women's Homeopathic Hospital of Philadelphia*, 393 Pa. 313, 316, 142 A.2d 292, 294 (1958)).

■ A trial judge should begin the forum non conveniens analysis by giving plaintiff's choice of forum great weight.

1. We do not know why appellee waited three years to file this petition to change venue. At oral argument, appellee's counsel stubbornly refused to offer any explanation for this delay. Since no action was taken on this case in Philadelphia prior to the transfer, we will not factor this delay against appellee here. *See Turner v. Kohl*, 420 Pa.Super. 507, 510–12, 617 A.2d 20, 22 (1992) (Kelly, J., concurring) (stating that timeliness of the petition should be a factor where a case was already listed for trial and discovery had already been completed in the initial forum). We do believe that such a delay is unfair, however, and counsel would be well-advised to take prompter action in the future.

2. Pa.R.C.P. 1006(d)(1) provides: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

*Scribner v. Mack Trucks,* 427 Pa.Super. 71, 76–78, 628 A.2d 435, 438 (1993), *allocatur denied,* 537 Pa. 623, 641 A.2d 588 (1994); *Brown,* 371 Pa.Super. at 585–87, 538 A.2d at 891; *Korn v. Marvin Fives Food Equipment,* 362 Pa.Super. 559, 562–64, 524 A.2d 1380, 1382 (1987). A plaintiff should not be deprived of that choice unless a defendant establishes that the original forum is oppressive or vexatious and out of proportion with the plaintiff's convenience, or inappropriate based on the court's own weighing of private and public interest factors. *Scribner,* 427 Pa.Super. at 74–76, 628 A.2d at 437.

■ While plaintiff's choice of forum is important, it is not absolute. *Id.* In determining whether to grant a change, a trial court should consider certain factors that affect the private interests of the parties, such as:

[T]he relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be a question as to the enforceability of a judgment if one is obtained.

*Id.* (citing *Rini v. N.Y. Central R.R. Co.,* 429 Pa. 235, 239, 240 A.2d 372, 374 (1968)). A court must also consider certain factors that affect the public interest, such as:

Administrative difficulties [that] follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty [that] is . . . imposed upon the people of a community which has no relation to the litigation.

*Id.* If the balance of these factors strongly favor the .defendant, plaintiff's choice may be disturbed. *Id.*

■ In the instant case, McCrory initially filed suit in Philadelphia County. This choice is accorded significant weight, but it is not absolute.

In terms of personal factors, the trial court found that the accident occurred in Monroe County, the investigation was

handled by the State Police in Monroe County, most of the fact witnesses reside in or near Monroe County, and McCrory received emergency and in-patient medical care in Monroe County. These facts indicate that most of the practical factors that make a trial easy, expeditious, and inexpensive point toward Monroe County. The access to sources of proof, the cost and ease of obtaining witnesses, and a possible view of the premises are all made substantially easier by a trial in Monroe County. The only witnesses that reside in Philadelphia County are the other surviving pedestrian, and McCrory's damage witnesses: his family, friends, and subsequent medical care providers. While these damage witnesses may be important, McCrory must first prove that Abraham was negligent. In trying to prove negligence, the fact witnesses will be most important. As noted before, all of the fact witnesses, except for McCrory and the other surviving pedestrian, live in or near Monroe County. In light of these facts, we agree with the trial court that the personal factors weigh heavily in favor of Monroe County.

In terms of public factors, the trial court found that Philadelphia County's interest in the suit was minimal. Once again, the accident took place in Monroe County and most of the witnesses and emergency personnel reside in or near Monroe County. Abraham lived in Monroe County at the time of the accident and up until the time of his death.[3] McCrory was working and possibly living in Monroe County at the time of the accident.[4] Philadelphia County's only interest in the

3. We note this fact only to emphasize that Monroe County's interest in this suit is much more significant than Philadelphia's interest, and not, as the dissent suggests, to assert that trial in Monroe County would be more convenient for a deceased party. *See* Dissent op. at 506.

4. While the trial judge found that McCrory was living in Monroe County at the time of the accident, McCrory asserts that he has lived in Philadelphia County all along. He claims that he only worked temporarily in Monroe County. Since the trial court has not pointed us to the place in the record where McCrory's residence was established, we hesitate to call it a determined fact. This disputed fact, however, is not essential to the decision as the record contains sufficient undisputed facts to find that Monroe County is the more convenient forum. *See Vogel v. National Railroad Passenger Corp.*, 370 Pa.Super. 315, 319–21, 536 A.2d 422, 425 (1988).

litigation stems from the fact that McCrory and the other surviving pedestrian now reside in Philadelphia, and that McCrory's subsequent medical care providers are located in Philadelphia County. While these are relevant contacts, they are not substantial and may not justify adding to the court congestion in Philadelphia County and burdening a Philadelphia County jury with a suit in which it has a very minimal interest. Therefore, while the examination of the public factors is less conclusive, it still favors Monroe County.

After reviewing the record and the trial court's findings, we cannot say the trial court committed an abuse of discretion in transferring this action to Monroe County. The private factors weigh heavily in favor of Monroe County because the scene of the accident and most of the key fact witnesses are located in Monroe County. While the public factors do not weigh conclusively either way, there is enough evidence for the trial court to find that the scales do tip toward Monroe County. Additionally, the Monroe County forum will not work any appreciable inconvenience on either party. Abraham's estate representative is coming from Illinois, so he will not be inconvenienced by the change. Although McCrory lives in Philadelphia County, the trial court believed that any inconvenience caused by forcing McCrory to travel was outweighed by the substantial inconvenience established by Abraham. Based on our review of the evidence, we find no abuse of discretion in allowing this venue change to Monroe County.

We are aware that the trial court's factual findings were made without the benefit of either sworn depositions or an evidentiary hearing. Our review of the parties' pleadings and memoranda, however, indicates that the only disputed fact was McCrory's residence at the time of the accident. While the dissent paraphrases from the parties' pleadings to illustrate points of dispute, a careful look will reveal that the only dispute is over the "spin" to be put on the undisputed facts. The following facts are not disputed by either party: 1) the accident occurred in Monroe County; 2) McCrory was working in Monroe County at the time of the accident; 3) Abraham lived in Monroe County at the time of the accident; 4)

McCrory received emergency care from Barrett Township (Monroe County) ambulance personnel at the scene; 5) the accident was investigated by the state police in Monroe County; 6) the police report revealed six witnesses to the accident, five of whom live in Monroe County. The sixth witness lived in adjoining Luzerne County; 7) McCrory received in-patient medical care at Mt. Pocono Medical Center in Monroe County; and 8) McCrory, the other surviving pedestrian, and McCrory's damage witnesses reside in Phìladelphia County. *See* trial court opinion 5/18/94; brief for appellant; brief for appellee.

Based on these undisputed facts, counsel for Abraham argued in his petition to transfer that all of the important witnesses resided in Monroe County and none resided in Philadelphia County. Counsel for McCrory denied those allegations. These attorneys are clearly trying to place the evidence before the court in the light most favorable to their respective clients. This advocacy does not, however, put the evidence itself in dispute. A trial court does not abuse its discretion by looking deeper than the parties' pleadings and examining their briefs in support of their pleadings to determine if facts are actually in dispute. Such an examination here reveals that McCrory's residence at the time of the accident is the only disputed fact. Since we believe that the other undisputed facts provide a sufficient and reliable basis for the trial court's decision, we are satisfied that neither deposition testimony nor a hearing was required in this case. *See Vogel,* 370 Pa.Super. at 319–21, 536 A.2d at 425.

McCrory's next claim is that a change in venue is not proper because he is African–American and would likely not get a jury of his racial peers in the predominantly white Monroe County. McCrory fails, however, to offer any support for the proposition that the racial composition of a community or a jury should be a factor in a court's decision to change venue based on forum non conveniens. All qualified jurors are equal before the law. We see no legally cognizable reason to presume that one class of jurors is more desirable or capable than another. If a party believes that certain classes

of jurors will render a more favorable verdict, that is a matter of trial strategy, not the law. Courts do not participate in such decisions, nor should they. Equal protection forbids courts from giving credence to a party's racial preferences in seating a jury. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

In an effort to support his assertion that a community's racial composition should be taken into account in a forum non conveniens analysis, McCrory offers only a general citation to *Edmonson, supra*. *Edmonson*, however, dealt only with the use of race-based peremptory challenges and did not engage in an analysis of forum non conveniens. *Id.* If anything, *Edmonson* indicates that race should not be a factor in such an analysis by cautioning that "[i]f our society is to continue to progress as a multiracial democracy, it must recognize that the automatic invocation of race stereotypes retards that progress and causes continued hurt and injury." *Id.* at 630–31, 111 S.Ct. at 2088, 114 L.Ed.2d at 680. When McCrory asserts that he should only be tried in a county with a certain percentage of black residents, implying that he will get a more fair or more favorable verdict from black jurors, he is himself engaging in racial stereotyping. Such assertions are not only harmful to our continued progress toward a multiracial society, they are also irrelevant to a forum non conveniens analysis.

In civil cases, we simply start with the presumption that the plaintiff chooses his or her forum, and a defendant must then offer weighty reasons to justify a transfer of venue. While we sympathize with any plaintiff who has a strategic forum choice disturbed by a venue change, we must remain race-neutral in considering the motion to transfer. Thus, we see no reason why the racial composition of a venue should ever be taken into account in a forum non conveniens analysis.

McCrory finally asserts that Judge Nigro's order granting a change in venue dealt with the same issues as Judge D'Alessandro's order denying that venue was improper, and that the second order should be controlled by the first. He also claims that Judge Nigro improperly overruled Judge D'Alessandro.

■ McCrory's claims are without merit, as the two orders dealt with completely different issues. Judge D'Alessandro was presented with a Rule 1006(a) objection to proper venue. After examining the facts, Judge D'Alessandro correctly found that venue was proper in Philadelphia County. In contrast, Judge Nigro was presented with a petition for change of venue on the basis of *forum non conveniens* under Rule 1006(d)(1). Under Rule 1006(d)(1), the petitioner is not relitigating or challenging whether venue was proper where the suit was originally brought; rather, the petitioner is asserting that while venue is proper, there is another proper, and more convenient, forum where the suit should be litigated. Pa. R.C.P. 1006(d)(1); *United States Stor. Corp. v. City of Philadelphia*, 431 Pa. 411, 418–20, 246 A.2d 386, 390 (1968) ("Rule 1006(d) cannot apply to the case where the venue is wrongly laid; this is separately regulated by Rule 1006(a) . . . ."); *Scribner*, 427 Pa.Super. at 76–78, 628 A.2d at 438 (transfer of suit under 1006(d) allowed even where original venue was proper under 1006(a)). As the two orders dealt with completely different issues, they did not conflict and one did not serve to overrule the other.

Our review of McCrory's claims convinces us that the trial judge correctly disposed of the issues.

Order affirmed.

Dissenting opinion by JOHNSON, J.

JOHNSON, Judge, dissenting:

Where facts alleged in the transfer petition were expressly denied in the Answer to the petition, I believe that the trial court abused its discretion in transferring this matter without benefit of deposition testimony or an evidentiary hearing on disputed issues of material fact. However, even if the taking of evidence was not required, I cannot agree that a change of venue is necessary for the convenience of the parties and witnesses. Accordingly, I must respectfully dissent.

A plaintiff's choice of forum is entitled to weighty consideration and should not be disturbed

"unless the defendant *clearly adduces* facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience . . . or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors' *[but] unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."*

*Okkerse v. Howe,* 521 Pa. 509, 517–18, 556 A.2d 827, 832 (1989), quoting *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 159 (3d Cir.1980).

When evaluating a motion for change of venue, a trial court should consider matters affecting the private interests of the litigants, including: the ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; the possibility of viewing the premises if appropriate to the action; and all other practical problems that make a trial easy, expeditious, and inexpensive. *Incollingo v. McCarron,* 416 Pa.Super. 419, 611 A.2d 287 (1992). In addition, the court must consider matters in which the public has an interest, including court congestion and the imposition of jury duty upon the people of a community with no relation to the litigation. *Id.*

Rule 1006(d) of the Pennsylvania Rules of Civil Procedure vests a trial judge with considerable discretion in determining whether to grant a petition for change of venue. *Id.* Absent an abuse of discretion, the trial court's decision must stand. *Id.* However,

"if the trial court has not held the defendant to the proper burden or has clearly erred in weighing the factors to be considered, the equivalent of an abuse of discretion has been demonstrated. Discretion must be exercised within the applicable standards. The district court's wide discretion may not serve the defendants as a burden shifting device on appeal from an order in their favor."

*Petty v. Suburban Gen. Hosp.*, 363 Pa.Super. 277, 282–83, 525 A.2d 1230, 1232–33 (1987), quoting *Reyno, supra*, 630 F.2d at 160.

The party seeking a change of venue bears the heavy burden of proving that the change is necessary. *Petty*, at 283, 525 A.2d at 1233. Pursuant to *Hosiery Corp. of America, Inc. v. Rich*, 327 Pa.Super. 472, 475, 476 A.2d 50, 51 (1984), "a proper procedure under Rule 1006(d) necessarily implicates the requirements for petition and answer set forth in Pa. R.Civ.P. Rules 206 through 209, including the taking of evidence by deposition or otherwise on disputed issues of fact." Moreover, the trial court must find that the transfer is more convenient for *both* parties to the action or for the witnesses. *Petty, supra*, 363 Pa.Super. 277, 525 A.2d 1230.

Applying the above principles to the present case, I am constrained to conclude that the trial court abused its discretion in transferring this action to Monroe County.

In its petition for transfer, the Estate of Jack Wilson Abraham (the Estate) alleged, in pertinent part, that: Sylvester McCrory both worked and resided in Monroe County at the time of the alleged accident; Jack Wilson Abraham (decedent) resided in Monroe County at the time of the accident and prior to his death; the administration of decedent's estate was opened in Monroe County; the accident and police investigation occurred in Monroe County; McCrory received emergency medical care in Monroe County; all fact witnesses reside in or near Monroe County; no potential witnesses reside in Philadelphia County; transfer of this action to Monroe County will be more convenient for all witnesses; unnecessary hardship and inconvenience will be cast on both defendant and witnesses if this action remains in Philadelphia; the jury will need to view the accident site located in Monroe County; and the facts demonstrate that the action should be transferred to Monroe County.

While McCrory, in his Answer to the Estate's transfer petition, admitted certain facts, he denied that: he resided in Monroe County at the time of the accident; all fact witnesses resided in Monroe County; and no potential witnesses reside

in Philadelphia County. He further denied all of the Estate's allegations concerning the inconvenience and hardship cast on the defendant and witnesses. Finally, McCrory denied that a view of the accident site was needed and that the action should be transferred. McCrory also alleged that most of his witnesses live in Philadelphia County. As a result, I cannot agree with the Majority's statement that the only disputed fact was McCrory's residence at the time of the accident. *See* Majority op. at 264. Clearly, there are several disputed material facts.

Contrary to the rule set forth in *Hosiery Corp., supra,* 327 Pa.Super. 472, 476 A.2d 50, the trial court granted the transfer without taking evidence, by deposition or otherwise, on disputed issues of fact. I cannot sanction the transfer of this matter based on the Estate's mere allegation that it will promote the convenience of parties and witnesses where that allegation was specifically denied by McCrory. The trial court had *no evidence* that this transfer would promote the convenience of the parties or witnesses.

> I find further guidance from the *Reyno* Court which stated: The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be[,] the application for transfer will be denied.

*Petty, supra,* 363 Pa.Super. at 285, 525 A.2d at 1234, quoting *Reyno, supra,* 630 F.2d at 160–61. Here, the trial judge, without any discussion of such a showing, granted the Estate's motion to transfer solely on the basis of the pleadings and the various memoranda of law in support of and opposed to the transfer.

The Estate presented no evidence that a transfer of this action would best serve the convenience of the parties or witnesses. I cannot agree with the Majority that the undisputed facts provide a sufficient and reliable basis for the trial

court's decision. *See* Majority op. at 265. Rather, as stated above, I find that the trial judge had no reliable information to use in weighing the convenience of the parties and witnesses. As a result, I would conclude that the trial court abused its discretion by granting the transfer motion. I would reverse the order granting the petition to transfer venue. *Petty v. Suburban Gen. Hosp., supra,* 363 Pa.Super. 286, 525 A.2d 1234.

Even if we assume that the taking of evidence was not required in this case, after weighing the elements affecting the private and public interests, I am still unable to conclude that the balance strongly favored transferring this action to Monroe County. Therefore, I cannot agree that a change of venue is necessary for the convenience of the parties and witnesses.

With regard to the private interest factors, the trial court determined that all of the crucial events underlying this cause of action occurred in Monroe County. Trial Court Opinion, filed May 26, 1994, at 4. The court based this determination upon the following: the accident occurred in Monroe County; McCrory resided in Monroe County at the time of the accident; decedent resided in Monroe County at the time of the accident and until his death; the police investigation occurred in Monroe County; most potential witnesses reside in or near Monroe County; and McCrory received emergency medical care in Monroe County. *Id.*

However, I am unable to agree that all "crucial" contacts focus upon Monroe County. First, McCrory resided in Philadelphia County when the Estate filed the petition to transfer. Moreover, there is no evidence of record to support the court's conclusion that McCrory resided in Monroe County at the time of the accident. Next, I find it absurd that the trial court would place weight upon decedent's residence when balancing the convenience of the chosen forum for the parties or the witnesses. I cannot believe that trial of this case in Philadelphia County will inconvenience decedent! Finally, while some potential witnesses may reside in or near Monroe County, I find that perhaps the two most important witnesses, McCrory and the only other surviving victim of the accident, reside in Philadelphia County. In addition, McCrory's damage wit-

nesses, including his subsequent medical care providers, are located in Philadelphia County. As a result, when I weigh the competing private interest factors, I am unable to find that the balance strongly favors Monroe County.

Next, the trial court addressed the public interest factors, finding that Philadelphia County's interest in the suit was minimal. Opinion, *supra*, at 4–5. I recognize that jury duty should not be imposed upon members of a community having no relation to the litigation. *Incollingo, supra.* However, as noted above, not only does McCrory reside in Philadelphia County, but the only other surviving victim of the accident resides there as well. Once again, I believe that they are perhaps the two most important witnesses in this case. Therefore, I cannot agree with the trial court that Philadelphia County's interest in this suit is minimal or that the public interest factors favor Monroe County.

Based upon my review, I conclude that the trial court abused its discretion in determining that the balance was tipped strongly in favor transferring this action to Monroe County and that the transfer was necessary for the convenience of the parties and witnesses. Accordingly, I dissent. I would reverse the order granting the Estate's petition to transfer this matter to Monroe County.