## Nantieh v. First Keystone Risk Retention Group, Inc.

14

*Seth D. Wilson* and *Robert Morris,* for plaintiff.
*Robert McDivitt,* for defendant.

TERESHKO, *J.*, December 2, 2010—Plaintiff, Anthony Nantieh, hereby appeals from the order dated July 12, 2010 granting defendant First Keystone Risk Retention Group, Inc.'s preliminary objections and dismissing plaintiff's second amended complaint.

## FACTUAL BACKGROUND

On August 21, 2009, Anthony Nantieh (hereinafter plaintiff) was operating a taxi cab as an independent contractor owned by Layla Group, Inc. at the intersection of Grays Ferry Avenue and 31st Street in Philadelphia when he was involved in an accident which caused him to suffer personal injuries to his left cervical spine, left trapezius, left rib and left shoulder. (Second amended complaint, ¶¶2, 5-6)

At the time of the accident, plaintiff contends that the taxi was insured by Layla through a policy of insurance issued by First Keystone Risk Retention Group, Inc. (hereinafter First Keystone)

On August 28, 2009, counsel for plaintiff sent a letter to first keystone which notified it that plaintiff was presenting a claim for first party benefits under its policy. (Second

amended complaint, ¶9)

On September 1, 2009, First Keystone sent a letter to plaintiff advising plaintiff that he was excluded from coverage under the policy "because [plaintiff] was reported to be injured on [August 21, 2009] and is being excluded in accordance with the applicable policy contract provisions" and further advised that plaintiff was not permitted to operated a vehicle insured by First Keystone. (Preliminary objections to second amended complaint, ¶8)

On September 4, 2009, plaintiff's doctor issued a note permitting plaintiff to return to work operating a taxi. (*Id.*, ¶10)

On September 10, 2009, counsel for plaintiff forwarded the doctor's note and requested that plaintiff be permitted to operate the taxi, but first keystone continued to exclude plaintiff from the policy from September 1, 2009 to September 25, 2009. (*Id.*, ¶11)

On September 25, 2009, plaintiff was injured in a second automobile accident which caused him injuries and disabled him from operating a taxi. (Second amended complaint, ¶23)

On February 24, 2010, plaintiff filed his complaint alleging inter alia, that First Keystone's wrongful actions in handling plaintiff's claim for first party benefits, including prohibiting plaintiff from operating a taxi and excluding him from coverage under the policy constituted bad faith under 42 Pa.C.S.A. §8371. (Second amended complaint, ¶¶22-27) Plaintiff also claims that he lost income in the amount of $250.00 per day from September 1, 2009 to September 25, 2009 as a result of First Keystone's

prohibition of him operating a taxi and excluding him from coverage. Lastly, plaintiff alleges that First Keystone excluded Nantieh from coverage in order to dissuade Nantieh from availing himself of benefits for reasonable and necessary medical treatment for first party benefits. (Second amended complaint, ¶24,26)

On March 30, 2010, First Keystone filed its preliminary objections to plaintiff's complaint. On April 19, 2010, plaintiff subsequently filed an amended complaint to which First Keystone again filed preliminary objections. On May 28, 2010, plaintiff again filed a second amended complaint alleging a claim for bad faith against First Keystone. First Keystone responded by filing preliminary objections pursuant to Pa.R.C.P. 1028(a)(4), legal insufficiency of pleadings.

By order dated July 12, 2010, this court granted First Keystone's preliminary objections to plaintiff's second amended complaint and dismissed the second amended complaint.

On July 28, 2010, plaintiff filed his notice of appeal and issued his statement of errors complained on appeal. plaintiff raised the following issue:

Whether this court committed an error of law or abused its discretion in dismissing plaintiff's second amended complaint for his failure to prove a viable cause of action for bad faith pursuant to 42 Pa.C.S.A. §8371.

## LEGAL ANALYSIS

When the appellate courts sit in review of the trial court's grant of preliminary objections in the nature

of a demurrer, the salient facts are derived solely from complaint. *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 866 A.2d 270, 272 (Pa. 2005). Pursuant to this standard of review, we accept as true "all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts." *Krentz v. Consol. Rail Corp.*, 589 Pa. 576, 910 A.2d 20, 26 (Pa. 2006). It is not enough for an appellant to persuade an appellate court that it might have come to a different result. *McCrory v. Abraham*, 657 A.2d 499, 501 (Pa. Super 1995). The burden rests on the appellant to show that the trial court misapplied or overrode the law or the decision was manifestly unreasonable, or resulted from partiality, prejudice, bias or ill will. *Id.*

Preliminary objections in the nature of a demurrer are properly sustained where the complaint itself, if proven, is sufficient to entitle the plaintiff to the relief sought. *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867, 868 (1975).

To establish insurance bad faith pursuant to 42 Pa.C.S.A. §8371, plaintiff must establish clear and convincing evidence that: 1) the insurer lacked a reasonable basis for denying benefits under a policy; and 2) the insurer knowingly or recklessly disregarded its lack of a reasonable basis in denying the claim. *Terletsky v. Prudential Property and Cas.Ins.Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).

In plaintiff's second amended complaint he alleges that First Keystone excluded plaintiff from coverage "in order to dissuade plaintiff from availing himself of benefits for reasonable and necessary medical treatment." (Plaintiff's

memo of law in response to defendant's preliminary objections to second amended complaint, pg. 4) In the alternative, plaintiff also states that First Keystone has no legitimate basis to exclude him from coverage under the insurance policy from operating his taxi, when plaintiff was cleared by a physician to do so. (*Id.*)

As quoted above, plaintiff does not specifically state that he claimed or was denied payment of any medical benefits by First Keystone arising out of the two accidents. To the extent that plaintiff is asserting an entitlement to any medical benefits from First Keystone, the only benefits available to him would be first party benefits pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law 75 Pa.C.S.A. §§ 1711 et seq.

Specifically, 75 Pa.C.S.A. §1798(b) states:

In the event an insurer is found to have acted with no reasonable foundation *in refusing to pay the benefits* enumerated in subsection (a) when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended. (emphasis added)

A reading of this section of the MVFRL clearly indicates that any action that where plaintiff contends he is entitled to and was denied medical benefits from First Keystone should be limited to the remedies set forth under §1798 of the MVFRL and not the bad faith statute. Both Pennsylvania state and federal trial courts have previously found that the MVFRL was applicable in cases such as this. See *Mahnke by Mahnke v. Maryland Casualty Co.,* 1995 U.S. Dist. LEXIS 14203, (1995); *O'Connor v. Erie*

*Ins. Exchange*, No. 8654 CV 2009 (Monroe C.C.P. 2010). In both *Mahnke* and *O'Connor* the trial courts stated that the Pennsylvania Motor Vehicle Financial Responsibility Law provided the exclusive remedies for first party benefit claims, that medical expenses constituted first party benefits, and that the plaintiffs could not bring a bad faith claim under 42 Pa.Cons. Stat. Ann. §8371 for a denial of medical benefits. *Id.*

The *Mahnke* court expressed its reasoning adopted by this court:

> The Pennsylvania legislature intended the PMVFRL to provide the exclusive first party remedy for bad faith denials by insurance companies. See *Gemini Physical Therapy and Rehabilitation, Inc. v. State Farm Mut. Ins. Co.*, 40 F.3d 63, 67 (3d Cir. 1994). The act defines "first party benefits" as "medical expenses." 75 Pa. Con. Stat. Ann. §1702 (West Supp. 1995). Thus, an insured may not bring a §8371 bad faith claim for denial of medical expenses in violation of the PMVFRL. See *Gavaghan v. Replacement Rent-A-Car, Inc.*, 811 F. Supp. 1077, 1080 (E.D.Pa. 1992). Sections 1797 and 1798 of the PMVFRL provide the exclusive remedies available to the insured for first party benefits claims. *Id.*

This same argument can be made for plaintiff's allegation that there was no legitimate basis to exclude him from coverage under the policy of insurance and prohibit him from operating his taxi.

Plaintiff's second amended complaint was dismissed because plaintiff did not set forth the required allegations that First Keystone denied any benefits to plaintiff according

to *Terletsky*. Plaintiff's claim of bad faith because he was not permitted to continue to operate a taxi is analogous to his previous erroneous argument alleging bad faith for First Keystone's refusal to renew the insurance policy.

Plaintiff's ability to drive has no connection whatsoever to any benefit or coverage provided by the policy. As a result, the alleged inability to drive cannot be a denial of any benefit provided under the policy. Thus, plaintiff's allegations do not fall within the scope of §8371 of the bad faith statute and he cannot maintain an action on this basis.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that the order dated July 12, 2010 granting defendant First Keystone Risk Retention Group, Inc.'s preliminary objections and dismissing plaintiff's second amended complaint be affirmed.