# Banaszewski v. Corbo Landscaping Co.

*Robert J. Mongeluzzi, Andrew Robert Duffy* and *Benjamin James Baer,* for appellant

*Todd Alen Gray,* for appellee *Morbark Corp.; John Joseph Delany* and *Andrew Peter Campbell,* for appellee Deacon Equip.

TERESHKO, *J.,* January 28, 2013—Plaintiff, Amanda Banaszewski appeals from the order dated October 26, 2012, wherein this court granted defendant Morbark Corporation's preliminary objections, thereby transferring venue to Montgomery County, Pennsylvania.

## FACTUAL BACKGROUND

This action arises out of a motor vehicle accident, which occurred on September 23, 2010. (complaint, ¶ 38). At approximately 3:30 PM on September 23rd, Gerald McGrory, an employee of defendant, Corbo Landscaping Corporation (hereinafter "Corbo") was operating a 1990 GMC Topkick southbound on Dekalb Pike in Whitpain Township, Pennsylvania. (Complaint, ¶¶ 14-16, 32). The GMC Topkick was being used to tow a Blizzard 14 Brush Chipper. (Complaint, ¶ 15). The brush chipper was allegedly manufactured and sold by defendant, Morbark, Inc. (hereinafter "Morbark") and serviced by defendant, Deacon Equipment Company (hereinafter "Deacon").

At approximately 3:30 PM on September 23rd, plaintiff, Amanda Banaszewski was operating a 1999 Volkswagen Beetle travelling northbound on Dekalb Pike, Whitpain Township, Pennsylvania when the hitch connecting the brush chipper to the Topkick broke, releasing the brush chipper into the northbound lane of Dekalb Pike. (Complaint, ¶¶ 33-34, 36-37). The brush chipper then struck the driver's side door of plaintiff's vehicle, causing

plaintiff to sustain injury. (Complaint, ¶¶ 38-39).

Plaintiff commenced this action by filing her complaint on August 24, 2012. (See docket). Defendant Corbo filed preliminary objections to plaintiff's complaint on September 14, 2012. (See docket). Defendant Morbark filed preliminary objections to plaintiff's complaint on September 19, 2012. (See docket). Plaintiff replied to defendants, Corbo and Morbark's preliminary objections on October 4, 2012 and October 9, 2012, respectively. (See docket). On October 26, 2012, this court sustained both defendants' preliminary objections and transferred the action to Montgomery County. (See docket).

On November 20, 2012, plaintiff appealed this court's order of October 26, 2012, granting Morbark's preliminary objections. (See docket). On November 26, 2012, this court ordered plaintiff to file her 1925(b) concise statement of errors complained of on appeal. (See docket). Plaintiff complied with this court's order on December 17, 2012. (See docket).

The sole issue to be addressed on appeal is whether this court erred by sustaining defendant Morbark's preliminary objections and transferring venue to Montgomery County.

## LEGAL ANALYSIS

Pennsylvania law vests the trial court with considerable discretion in making the determination whether or not to grant a petition to transfer venue. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 242, 579 A.2d 1282, 1284 (1990). The standard of review in such cases is abuse of discretion. *Id.* Provided that the trial court's decision to transfer venue

is a reasonable one in light of the record it will not be overturned. *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 143, 208 A.2d 252, 256 (1965). It is not enough for an appellant to persuade an appellate court that it might have come to a different result. *McCrory v. Abraham* 441 Pa. Super. 258, 261, 657 A.2d 499, 501 (1995). The burden rests on the appellant to show that the trial court misapplied or overrode the law or the decision was manifestly unreasonable, or resulted from partiality, prejudice, bias or ill will. *Id.* "If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Masel v. Glassman*, 456 Pa. Super. 41, 45, 689 A.2d 314, 316 (1997).

Corporations have a constitutional right to petition the court for a change of venue. *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 242, 579 A.2d 1282, 1284 (1990) *citing Felts v. Delaware, Lackawanna and Western R.R.,* 195 Pa. 21, 45 A. 493 (1900). Pennsylvania Rule of Civil Procedure 2179 governs where venue may be laid against a corporation. Rule 2179 states in relevant part:

[A] personal action against a corporation or similar entity may be brought in and only in:

(1) the county where its registered office or principal place of business is located;

(2) a county where it *regularly conducts business;*

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property

which is the subject matter of the action is located provided that equitable relief is sought with respect to the property

Pa. R.C.P. 2179(a) (2008)(emphasis added).

In applying this rule, we first observe that Montgomery County is the principal place of business for defendant, Corbo. The principal place of business for defendant, Deacon is Bloomsburg, Pennsylvania, which is located in Columbia County. Morbark is a corporation existing under the laws of the state of Michigan, with its principal place of business located in Winn, Michigan. Because the accident occurred in Montgomery County, and no evidence exists to show that the accident arose out of any transaction or occurrence outside of Montgomery County, the issue at hand becomes whether any of the defendants "regularly conduct business" in Philadelphia County.

In order to prove that an entity regularly conducts business, plaintiff must prove that the business engaged in is of a sufficient quantity and quality to provide venue in the specific forum. *Shambe v. Delaware & Hudson R.R. Co.,* 288 Pa. 240, 246, 135 A. 755, 757 (1927). "The term 'quality of acts' means those directly furthering or essential to, corporate objects; they do not include incidental acts. By 'quantity of acts', is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough." *Id.* at 247, 757-58. The court must distinguish between acts which merely aid a main purpose, and those necessary to its existence. *Id.* at 248, 758. The former are collateral or incidental, while the latter are direct. *Id.* Each case must depend on its particular facts. *Id.* at 247, 757-58.

Pursuant to Pennsylvania Rules of Civil Procedure 1006(c)(1), in an action to enforce joint and several liability against two or more defendants, venue is proper in any county in which venue may be laid against any one of the defendants. Therefore, if any one of the defendants regularly conduct business in Philadelphia, venue is proper in Philadelphia County as to all three defendants.

### 1. Corbo

Venue in Philadelphia County is not proper as to defendant Corbo because defendant Corbo does not regularly conduct business in Philadelphia County.

Defendant Corbo does not maintain a sales office, place of business, maintenance facility or real estate in Philadelphia County. (Affidavit of Peter Corbo, attached as exhibit "B" to defendant Corbo's preliminary objections).

Corbo's sales figures demonstrate that any business conducted in Philadelphia County is minimal; the quantity of sales fails to meet the threshold for venue to be deemed proper in Philadelphia County. In 2007, Corbo had $800 in receipts from Philadelphia County and annual gross sales of $1,307,091; therefore, Corbo's business transactions in Philadelphia amounted to .000612% of Corbo's total business conducted in 2007. (Affidavit of Peter Corbo, attached as exhibit "B" to defendant Corbo's preliminary objections). In 2008, Corbo had $6,300 in receipts from Philadelphia County and gross sales of $1,094,140; therefore, Corbo's business transactions in Philadelphia amounted to .0057579% of Corbo's total business conducted in 2008. (Affidavit of Peter Corbo, attached as exhibit "B" to defendant Corbo's preliminary objections). In 2009, Corbo had $4,440 in receipts from Philadelphia

County and annual gross sales of $1,172,499; therefore, Corbo's business transactions in Philadelphia amounted to .0037867% of Corbo's total business conducted in 2009. (Affidavit of Peter Corbo, attached as exhibit "B" to defendant Corbo's preliminary objections). In 2010, Corbo had $455 in receipts from Philadelphia County and annual gross sales of $1,177,595; therefore, Corbo's business transactions in Philadelphia in 2010 amounted to .0002559% of Corbo's total business conducted in 2010. (Affidavit of Peter Corbo, attached as exhibit "B" to defendant Corbo's preliminary objections). In 2011 and through September 12, 2012,[1] Corbo did not conduct any business in Philadelphia County. (Affidavit of Peter Corbo, attached as exhibit "B" to defendant Corbo's preliminary objections).

Corbo has established that it does not regularly conduct business in Philadelphia County; therefore, venue is not proper in Philadelphia County as to defendant Corbo.

### 2. *Morbark*

Venue in Philadelphia County is not proper as to defendant Morbark because defendant Morbark does not regularly conduct business in Philadelphia County.

Morbark is a corporation existing under the laws of the state of Michigan, with its principal place of business located at P.O. Box 1000, Winn, Michigan. (Morbark's preliminary objections, ¶ 7). Morbark has three authorized dealers within the Commonwealth of Pennsylvania, which are located in Columbia, Montgomery and Wayne Counties. (Affidavit of Debra Lehman, attached as exhibit

---

1. The date Peter Corbo executed the affidavit attached as exhibit "B" to defendant Corbo's preliminary objections.

"A" to defendant Morbark's preliminary objections).

Plaintiff's complaint alleges that Morbark maintains a registered office at 123 South Broad Street, Philadelphia, PA 19109. (Complaint, ¶ 7). However, as Debra Lehman, Treasurer and Vice President of Finance for Morbark, Inc., states in her affidavit, the Philadelphia office cited in plaintiff's complaint is registered to Morbark Industries, Inc., an expired business entity, which terminated in 2005 and is no longer in operation. (Affidavit of Debra Lehman, attached as exhibit "A" to defendant Morbark's preliminary objections). Attached to Ms. Lehman's affidavit is the certificate of amendment to the articles of incorporation stating that Morbark Industries, Inc. would iterminate as of August 31, 2005. (Exhibit "2" to affidavit of Debra Lehman, attached as exhibit "A" to defendant Morbark's preliminary objections).

Morbark has established that it does not regularly conduct business in Philadelphia County; therefore, venue is not proper in Philadelphia County as to defendant Morbark.

### 3. *Deacon*

Plaintiff alleges in her complaint that Deacon is an exclusive dealer of Morbark's industrial equipment in Pennsylvania and that defendant Deacon serviced, maintained, repaired and/or inspected the brush chipper that collided with plaintiff's vehicle on September 23, 2010. (Complaint, ¶¶ 48-49). Plaintiff's complaint, however, fails to set forth any basis for this court's jurisdiction over Deacon. Plaintiff's complaint states:

5. Defendant Deacon Equipment Company,

(hereinafter referred to as "Deacon"), is a Pennsylvania corporation or other business entity existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 22 Wedgetown Road, Bloomsburg, PA 17815.

6. At all relevant times, defendant Deacon, was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and/or employment with defendant Deacon

As plaintiff states in her complaint, Deacon's principal place of business is located outside of Philadelphia County. In order to establish venue, plaintiff was required to assert that Deacon regularly conducts business in Philadelphia County as none of the other prongs set forth in Pennsylvania Rule of Civil Procedure 2179 apply. Plaintiff failed to do so anywhere within her complaint, in even the most general terms, and the time to amend her complaint within the statute of limitations has passed; therefore, this court cannot assert jurisdiction over Deacon.

Consequently, because venue cannot be laid against any of the defendants in Philadelphia County, the action should properly proceed in Montgomery County.

## CONCLUSION

For the foregoing reasons, this court respectfully requests that the October 26, 2012 order granting defendant Morbark Corporation's preliminary objections and transferring the case to Montgomery County Court of Common Pleas be affirmed.