# Advanced Earth Packaging v. MRI Flexible Packaging

*William Watkins*, for plaintiffs.
*Charles A. Ercole*, for defendant.

HIGGINS, *J.*, March 25, 2014—This case comes before the court on preliminary objections brought by defendant, MRI Flexible Packaging (hereinafter "MRI) to the plaintiffs' Advanced Earth Packaging's (hereinafter "AEP") and Michael Keklak's (collectively "plaintiffs") amended complaint filed on August 30, 2013 in case number 3705 CV 2013. The facts of this case revolve around a contract for sales services entered into between the parties on July 1, 2009 according to which Plaintiffs agreed to provide sales services to the defendant in exchange for sale commissions.

Plaintiffs commenced a civil action by a praecipe for a writ of summons filed on May 3, 2013. On July 11, 2013, plaintiffs filed their complaint, asserting the following claims: (1) breach of contract; (2) unjust enrichment, and; (3) tortious interference with business relationships.

On August 2, 2013, MRI filed its preliminary objections. On August 30, 2013 plaintiffs filed their amended complaint, asserting the same three causes of action. By order of this court dated September 5, 2013,

MIR's preliminary objections were denied as moot in light of plaintiffs' amended complaint.

On September 13, 2013, MRI filed its preliminary objections to plaintiffs' amended complaint claiming that: (1) AEP lacks capacity to sue; (2) AEP's breach of contract claim is legally insufficient; (3) Plaintiffs' unjust enrichment claim is legally insufficient; (4) Plaintiffs' tortious interference with business relationships claim is barred by the gist of the action doctrine; (5) Plaintiffs' tortious interference with business relationships claim is legally insufficient, and; (6) Monroe County is an improper venue. Also on September 13, 2013, MRI filed its memorandum of law in support of its preliminary objections to plaintiffs' amended complaint. On December 2, 2013, plaintiffs filed their brief contra defendant's preliminary objections.

## DISCUSSION

In ruling on preliminary objections, we must accept as true all well-pleaded, material and relevant facts, along with all reasonably deducible inferences therefrom. *Schuylkill Navy v. Langbord*, 728 A.2d 964, 968 (Pa. Super. 1999). We need not accept as true, however, "conclusions of law, unwarranted inferences from the facts, argumentative allegations or expressions of opinion." *Myers v. Ridge*, 712 A.2d 791, 794 (Pa. Commw. 1998). When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the clearest of cases. *King v. Detroit Tool Co.*, 682 A.2d 313,314 (Pa. Super. 1996). With these standards in mind, we now address defendant's preliminary objection to plaintiffs' amended complaint.

We first address MRI's objection pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(5) that

AEP lacks capacity to sue. In their amended complaint, plaintiffs indicate that Michael Keklak is the president and sole shareholder of AEP, a Pennsylvania Limited Liability Company. (*See* amend. complaint ¶¶ 1, 6). Attached to the plaintiffs' amended complaint is the contract at issue executed by "Jim Mallon, VP Sales & Marketing — MRI and Michael Keklak, President — AEP" on July 1, 2009. (*See* amend. complaint "Exhibit A"). The terms of the contract, however, make no reference to AEP. Rather, the contract expressly grants certain rights to and confers certain duties on Michael Keklak.[1] Because the terms of the contract make no reference to AEP, MRI would like us to sustain its objection and find that AEP accordingly lacks capacity to sue under the contract.

"The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties." *Murphy v. Duquesne University of The Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001). Accordingly, while AEP is not named in the express terms of the contract, AEP may be properly considered a party if such a reading would give effect to the intent of the contracting parties. Here, we find that such a reading would give effect to the intent of the parties.

The contract, a single paged document which is printed on MRI letter-head, twice acknowledges Michael Keklak's

---

1. For instance, the contract provides in part:

MRI grants to Michael Keklak the right to sell its products. Likewise, Michael Keklak accepts the right to sell and agrees to make all sales in accordance with this agreement.

Michael Keklak's accounts initiated after the date of this agreement shall be his exclusive accounts.

Michael Keklak agrees that during the term of this agreement, he shall not sell or offer to sell any shrink sleeve labels other than MRI's own products.

It is agreed that Michael Keklak is an independent contractor and that he is not an employee of MRI.

Amend. Complaint "Exhibit A" ¶¶ 1-4.

association with AEP. Looking more broadly at the purpose of the contract, we see that it is a service contract for the sale of MRI's packaging products. Based on this, it would be an unwarranted inference to conclude that MRI, a company dealing in packaging, intended to contract solely with Michael Keklak as an individual completely unrelated to his role as president of AEP, also a company dealing in packaging. It seems clear to us, then, that MRI intended to contract with Michael Keklak *in his capacity* as president of AEP for the selling of MRI's shrink sleeve labels. Accordingly, defendant's preliminary objection pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(5) is overruled.

We next turn to address MRI's preliminary objection pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4) that AEP's breach of contract claim is legally insufficient. "To support a claim for breach of contract, a plaintiff must allege: 1) the existence of a contract, including its essential terms; 2) a breach of duty imposed by the contract; and 3) resultant damage." *Woodward v. ViroPharma, Inc.*, 2013 WL 1485110 (Pa. Super. Apr. 3, 2013) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)). In support of its claim that AEP's breach of contract claim is legally insufficient, MRI again challenges AEP's status as a party to the contract and argues that AEP cannot sue enforce the terms of the contract to which it was not a party. (Preliminary objections to amend. complaint ¶ 20). Because we have determined above that it is reasonable to infer that AEP is a party to the contract, this preliminary objection is overruled.

MRI's third preliminary objection is also made pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4). Specifically, MRI claims that plaintiffs' unjust enrichment

claim is legally insufficient in light of plaintiffs' breach of contract claim. In support of this objection, MRI cites the long-settled principle that "the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between parties is founded on a written agreement or express contract." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875,896 (Pa. Super. 2011) (quoting *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 290, 259 A.2d 443, 448 (1969)). This argument, however, ignores another long-settled principle, and that is that "[c]auses of action and defenses may be pleaded in the alternative." Pa.R.C.P. 1020(c). In their amended complaint, plaintiffs explicitly state that they are lodging their unjust enrichment complaint as an alternative theory of relief: "In the alternative to any theory of recovery under a breach of contract claim, plaintiffs believe and therefore aver that plaintiffs' services conferred a great financial benefit upon the defendant for which equity requires compensation." (Amend. complaint ¶17). Because this alternative pleading is allowable, defendant's preliminary objection to plaintiffs' unjust enrichment complaint is overruled.

As its fourth preliminary objection, MRI argues that the gist of the action doctrine bars plaintiffs' tortious interference with a business relationship claim. The gist of the action doctrine "precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." *Etoll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002). The doctrine bars tort claims:

(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the

terms of a contract.

*Id.* at 19 (internal quotations and citations omitted). The gist of the action doctrine, then, is generally "concerned with the 'essential ground,' foundation, or material part of an entire 'formal complaint' or lawsuit." *Id.* at 15. The doctrine seeks to uphold the conceptual difference between breach of contract claims and tort claims, in that "tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *Bash v. Bell Tel. Co.*, 601 A.2d 825, 829 (Pa. Super. 1992).

In the case at bar, plaintiffs' tortious interference claim is predicated on allegations that MRI "by-passed" plaintiffs and established direct relationships with the customers whom plaintiffs were soliciting for MRI for which plaintiffs were to receive a commission pursuant to the contract entered into between the parties. (Amend. complaint ¶¶ 18-28). Because this cause of action essentially revolves around MRI's duty to pay plaintiffs a commission for their services in soliciting clients for MRI, this claim duplicates plaintiffs' breach of contract claim. And because MRI does not deny the existence of an express contract, the gist of the action doctrine bars plaintiffs from raising their tortious interference claim. *Gemini Bakery Equip. v. Baktek*, 2005 WL 957635 (Pa. Com. Pl. Apr. 11, 2005) (refusing to sustain a preliminary objection based on the gist of the action doctrine to a tortious interference claim where it is not clear whether defendants admit to or deny the existence of an agreement between themselves and plaintiff). Accordingly, MRI's preliminary objection to plaintiffs' tortious interference claim is sustained.

MRI's fifth preliminary objection is made pursuant

to Pennsylvania Rule of Civil Procedure 1028(a) (4). Specifically, MRI claims that plaintiffs' tortious interference claim is legally insufficient. Because we sustained MRI's objection to plaintiffs' tortious interference claim predicated on the gist of the action doctrine, this objection is overruled as moot.

Finally, MRI objects to plaintiffs' choice of venue pursuant to Pennsylvania Rule of Civil Procedure 1028(a) (1). MRI objects to the action in Monroe County and requests the matter be transferred to Bucks County based on plaintiffs failure to demonstrate that venue is proper in Monroe County. Unlike jurisdiction, venue is "the right of a party to have the controversy brought and heard in a particular judicial district." *Schultz v. MMI Products, Inc.*, 30 A.3d 1224,1227 (Pa. Super. 2011) (citation omitted). As a procedural matter, venue assumes the existence of jurisdiction. *Id.* Further, we note that "corporations have a constitutional right to seek a change of venue." *Purcell v. Bryn Mawr Hosp.*, 525 Pa. 237, 579 A.2d 1282, 1284 (1990) (citing *Felts v. Delaware, Lackawanna & W.R.R.*, 195 Pa. 21, 45 A. 493 (1900)).

Pa. R.C. P. 1006 (a)(1) and (b) provides that:

(a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which (1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law. (b) Actions against the following defendants..., may be brought in and only in the counties designated by the following rules:... corporations and similar entities, Rule 2179.

Pa. R.C.P. 2179 (a) provides as follows:

(a) Except as otherwise provided by an act of assembly, by Rule 1006(a.1) or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose;

(4) a county where a transaction or occurrence took place out of which the cause of action arose, or

(5) a county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Plaintiffs' amended complaint avers that plaintiffs' addresses are in Monroe County. However, plaintiffs' amended complaint does not plead specific facts which justify venue in Monroe County. The amended complaint does not aver that MRI has a registered office or principal place of business in Monroe County. And neither does the amended complaint suggest that MRI regularly conducts business in Monroe County or aver the county where the cause of action arose. Similarly, there is no averment that the property or part of the property which is the subject matter of the action is located in Monroe County. This issue was raised in MRI's initial preliminary objections. Because plaintiffs' amended complaint failed to demonstrate that venue is proper in Monroe County, this preliminary objection is sustained.

According to the above rulings, we enter the following order.

## ORDER

And now, this 25th day of March 2014, upon consideration of defendant's preliminary objections to the amended complaint filed by plaintiffs and the parties' briefs and arguments, we hereby make the following determinations:

Defendant's preliminary objections are sustained in part and overruled in part.

1. Defendant's preliminary objection in the nature of a Demurrer to Count 3 of plaintiffs' amended complaint is sustained and Count 3 is stricken from the amended complaint.

2. Defendant's preliminary objection to venue is sustained, accordingly, this case shall be transferred to Bucks County forthwith. It is hereby ordered that the Monroe County Prothonotary is directed to transfer certified copies of the docket entries, process, pleadings and other papers filed in this action to Bucks County Prothonotary, Doylestown, Pennsylvania.

3. The remainder of defendant's preliminary objections are overruled.